Claude **CAULEY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 21997.

United States Court of Appeals Fifth Circuit.

Jan. 11, 1966.

Rehearing Denied Feb. 28, 1966.

Robert L. Cork, Valdosta, Ga., and Sumner & Boatwright, Douglas, Ga., for appellant.

Wilbur D. Owens, Asst. U. S. Atty., Arnold C. Young, Asst. U. S. Atty., Ma-

con, Ga., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before BROWN, WISDOM and THORNBERRY, Circuit Judges.

PER CURIAM:

Appellant was found guilty by a jury of possessing, selling and transferring distilled spirits in containers not bearing the required stamps, in violation of 26 U.S.C. § 5205(a) (2) and 5604(a).

Alcohol and Tobacco Tax Investigator Hays was the Government's only witness. He testified that he and a government informer had on two occasions purchased moonshine whiskey from appellant. The two purchases allegedly took place within three-quarters of a mile from each other, and, according to Hays, occurred on a dirt road about two miles west of Ambrose, Georgia. It is conceded by both parties that this location is very close to the county line dividing Irwin and Coffee Counties. Irwin County is within the Valdosta Division of the Middle District of Georgia, but Coffee County is outside the Middle District.

Appellant's primary contention is that the District Court erred in overruling appellant's motion for directed verdict of acquittal based on the alleged failure of the prosecution to prove venue. Actually, under the circumstances of this case, the question of venue is identical to the question of territorial jurisdiction; since if it was not proved that the offenses occurred in Irwin County, the District Court would not be vested with jurisdiction.

The District Court properly charged the jury that venue must be established by a preponderance of the evidence, Dean v. United States, 8th Cir. 1957, 246 F.2d 335, and that the absence of direct proof of venue will not defeat conviction where inferences of venue may properly be drawn from circumstantial evidence. Weaver v. United States, 5th Cir. 1962, 298 F.2d 496. In the Dean case, supra, it is significant that the Court, while speaking in terms of venue, was actually faced also with a question of territorial jurisdiction (whether the crime was committed within the Western District of Missouri).

We hold that Investigator Hays' testimony in the instant case furnished sufficient evidence from which the jury could (and did) conclude that the offenses occurred in Irwin County. This being so, not only venue but jurisdiction was established.

On direct examination, Hays stated that the offenses occurred in Irwin County. On cross-examination, Hays at first testified that he was sure the sales of the whiskey occurred in Irwin County, but later conceded that he was not absolutely positive. Hays stated that his knowledge that the offenses took place in Irwin County was based in part upon what others had told him concerning the location of the county line, and in part on his own examination of a county map. It was therefore not reversible error to refuse to strike Hays' testimony, in view of the rule that testimony as to a fact which the witness knows personally is not inadmissible because he also knows it from hearsay. See 31A C.J.S. Evidence § 203, and cases therein cited.

We have examined all of the other contentions raised by appellant and have determined that they are without merit.

Accordingly, the judgment is affirmed.