Fred SYKES, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 55145.

Supreme Court of Missouri,
Division No. 2.

Oct. 12, 1970.

Robert T. Ebert, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Appellant was convicted of murder in the first degree and his punishment was set at life imprisonment. His appeal to this court was affirmed. State v. Sykes, Mo., 372 S.W.2d 24. Thereafter the affirmance of the judgment was set aside because he did not have counsel upon appeal. Counsel was appointed and the case was briefed, argued, and resubmitted. The judgment was again affirmed. State v. Sykes, Mo., 436 S.W.2d 32.

Appellant has now appealed from an adverse ruling on his motion filed pursuant to Criminal Rule 27.26, V.A.M.R. He alleged as grounds for relief, in addition to "ineffective assistance and incompetency of trial counsel," that he was arraigned without the presence of counsel, that a line-up was prejudicially suggestive, that the judge failed to admonish the jury not to read newspapers or listen to television and radio, and the prosecution concealed statements by witnesses favorable to appellant. All alleged grounds were overruled after an adversary hearing on the motion. On this appeal all contentions are abandoned except the claim of ineffective assistance and incomptency of counsel. Appellant has added an additional point in his brief that he was "deprived of his right to counsel * * * because the State * * * failed to provide adequate funds to allow the hiring of competent counsel and investigation of the facts."

Appellant's trial counsel was employed by the Public Defender of the City of St. Louis. At time of trial he had been a licensed attorney approximately ten months, and had been with the Public Defender for approximately six months. During the first year with that office he tried more than thirty jury trials.

Appellant argues in his brief that "lack of effective counsel" is shown by the "lack of investigation of the facts" in that he made only a "cursory examination of the scene of the crime and looking for witnesses, and the reading of the transcript of the coroner's inquest." He further argues that counsel committed "several tactical and evidentiary errors" in that he "made no objection to the prosecution's leading questions of various witnesses," and that no objection was made to the conclusion that the alleged victim and the person who died were the same person. The questions claimed to be leading are not identified or set forth, and there is no attempt to show that any prejudice resulted or that the failure to object, if there was such failure, was not the result of trial strategy.

Appellant's trial counsel testified at the hearing on the motion that he interviewed appellant and also talked several times to his father. He also obtained and read a copy of the transcript of the coroner's inquest which contained testimony of witnesses who testified for the State at the trial. He interviewed the witnesses known to him and presented every witness he thought could be of any help to appellant. He also inspected the scene of the crime and canvassed the area in an attempt to locate additional witnesses. Neither appellant nor his father could provide the names of additional witnesses.

In support of his allegation of inadequate preparation by his counsel, appellant testified that if his counsel had gone to a barber shop (which was next door to a cleaning shop where he did go) "there probably would have been somebody around there who would have seen" the occurrence. He also testified that he could not recall anything done at trial by his counsel which caused his conviction. During his testimony appellant explained his inability to state facts in support of his motion on the basis that another inmate of the penitentiary prepared the motion. At one time he stated, "I don't want him [the court] to vacate my sentence. I would just like to get some time that I can do." This, his counsel explained, meant that he wanted the court to change his sentence from life to "a specified number of years."

We have read the complete transcript of appellant's trial. We cannot agree that

any incompetence of counsel is shown by failing to object to leading questions. In fact, we cannot determine to what appellant refers. We also do not agree that his counsel established that the victim of the assault and robbery was the person who later died in the hospital, or that this was not established by the State. It is true that the State's principal witness, who observed the assault and robbery and identified appellant, said that at the time he was not acquainted with the "old man" who was the victim. But, it does not necessarily follow that at the time of trial he did not know who he was. In his testimony he identified the "old man" several times as Mr. Chappel, and it was established by the State that Mr. Chappel later died as the result of injuries he received. In both of the opinions on appellant's direct appeal this court found that a submissible case was made.

It is unnecessary to review the cases which set forth the duties of counsel and which discuss the issue of incompetency in the constitutional sense. See however, State v. Wilkinson, Mo., 423 S.W.2d 693, and Holbert v. State, Mo., 439 S.W.2d 507. We are unable to find any factual basis to support appellant's claim. The trial court ruled this point against appellant, and that finding and ruling certainly are not clearly erroneous.

We shall comment briefly, although the issue is not properly before us, on appellant's additional contention set forth in his brief.

■ The fact that the State did not provide what appellant considers to have been adequate funds to provide for an investigator in the office of the Public Defender is of no consequence unless appellant can and does show that prejudice resulted to him. This he has not done. His counsel made his own investigation and preparation, and appellant has failed to meet his burden of proof that it was so inadequate as to con-

stitute a denial of effective counsel in the constitutional sense.

The judgment is affirmed.

BARRETT, and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.