STATE of Missouri, Respondent,

v.

Leevert AIKENS, Appellant.

No. 56164.

Supreme Court of Missouri, Division No. 2.

Dec. 13, 1971.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

Alfred I. Harris, St. Louis, for appellant.

MORGAN, Presiding Judge.

Charged as a second offender, defendant was tried to a jury and found guilty of the crime of rape. The court assessed punishment at twenty years confinement.

On appeal, defendant submits one point. It is: "[T]he State failed to sustain its burden of proving defendant guilty beyond a reasonable doubt . . .."

The record reflects that prosecutrix was walking to the home of her aunt when accosted by defendant and an accomplice. Defendant asked if she knew someone (mentioning a name), and the accomplice grabbed her arm and put his hand over her mouth, with the threat, "If you scream, I'll kill you." The two led her down an alley and into a garage where they took money from her purse. The accomplice, in the presence of defendant, said, "Well, you know what I want now," and "If you don't cooperate, I'll kill you." As the accomplice was preparing for intercourse, defendant left for a liquor store with part of the money. When he returned, he told the accomplice: "Get up, it's my turn now; you've been down a long time, get up." Later, defendant proceeded to have sexual intercourse with the prosecutrix, and he told her he just got out of the pen for killing a girl. After the accomplice said, "Get up, you've been down long enough," defendant yielded his position. He then left the garage and later returned with two other men. One of the latter also had intercourse with prosecutrix. While each waited his turn, the time was spent in drinking whiskey or wine. After several hours, defendant decided to take her to a vacant house somewhere in the block. After she dressed, he forced her out into the alley. While struggling to make her comply, his efforts were observed by two policemen who had driven by the alley entrance. When they stopped to investigate, defendant ran but was soon caught and returned to the scene. The arrest was made and the charge subsequently filed.

Testimony at the trial covered all of the details pertaining to the questioned offense, including the fears of the victim. In addition, medical evidence was given which confirmed that prosecutrix had been sexually abused. From all of which, the jury reasonably could have found all elements of the crime charged.

Defendant testified that he knew nothing of the events inside the garage; that during the time involved he had been visiting his wife; and, that he was going to his mother's home to play cards when he saw prosecutrix in the alley. When it appeared that she needed help, he had gone to assist her; and, just at that time, the police arrived.

It was within the province of the jury to reject defendant's testimony, and quite obviously the state's evidence established a completed act of forcible rape. State v. Taylor, 320 Mo. 417, 8 S.W.2d 29; State v. Wilkins, Mo., 100 S.W.2d 889; and State v. Wynn, Mo., 357 S.W.2d 936.

As the evidence was sufficient to sustain the jury's verdict, the judgment is affirmed.

All of the Judges concur.