Steven Gale NELSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 36960.

Missouri Court of Appeals,
St. Louis District,
Division Three.

May 25, 1976.

Motion for Rehearing or Transfer to Court En Banc or Transfer to Supreme Court Denied June 15, 1976.

Application to Transfer Denied
July 12, 1976.

William J. Shaw, Public Defender, Joseph W. Downey, Asst. Public Defender, Clayton, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, William F. Arnet, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Sam C. Bertolet, Asst. Pros. Atty., Clayton, for respondent.

SIMEONE, Presiding Justice.

This is an appeal by movant-appellant, Steven Gale Nelson, from an order entered by the Circuit Court of St. Louis County on February 14, 1975, denying movant's motion to vacate filed December 23, 1974.

Appellant was tried and convicted in 1972 of the offense of murder in the first degree and sentenced to life imprisonment in the Department of Corrections. The conviction was appealed to the Supreme Court and affirmed in October, 1974. *State v. Nelson*, 514 S.W.2d 581 (Mo.1974). The facts surrounding the offense are detailed therein.

Following his conviction, movant, on December 23, 1974, filed a motion to vacate sentence under Rule 27.26 alleging that the conviction should be vacated because (1) the trial court was without jurisdiction to render judgment and sentence "for the reason that the State failed to prove . . . venue contrary to Article I, Section 18(a) of the Missouri Constitution . . . ." ; (2) he was deprived of due process of law "in violation of the 14th Amendment to the Constitution of the United States for the reason that the State suppressed evidence of an oral statement made by Movant . . ." and then ". . . impeached him by the said statement" ; and (3) movant was denied the effective assistance of counsel for the reason that trial counsel failed to object to the state's failure to prove venue or to object to the state's impeachment of him.

The motion to vacate states that the trial transcript "page[s] 176 through 487, will reveal that there was no evidence or any testimony to show in what city or county did the offense occurred at, nor did the evidence inferred such [sic]." Movant contends that since there was "no evidence whatsoever in showing venue" the trial court was without jurisdiction to render judgment and sentence.[1]

Movant also argues that the "transcript will reveal" that counsel filed a motion for the production of favorable evidence and "pursuant to that motion, the State . . . stated that there was no statement, oral or otherwise made by Movant." Hence, he contends that the state, "in effect, sup-

1. He relies upon *Dean v. United States*, 246 F.2d 335 (8th Cir. 1957); *United States v. Mancino*, 179 F.Supp. 897 (S.D.N.Y.1960); *Hill v. United States*, 284 F.2d 754 (9th Cir. 1960); *State v. Poelker*, 378 S.W.2d 491 (Mo. banc 1964); *Jackson v. State*, 246 So.2d 553 (Miss. 1971); *State v. Glasscock*, 76 N.M. 367, 415 P.2d 56 (1966); *Cauley v. United States*, 355 F.2d 175 (5th Cir. 1966).

pressed favorable evidence because on cross-examination by the State, it brought out the fact that Movant did make a statement on April 18, 1972," which violates due process.[2]

Lastly, he contends in his motion that his trial counsel was ineffective because he "failed to protect Movant's rights as stated above . . .." *McQueen v. Swenson*, 498 F.2d 207 (8th Cir. 1974).

Following his motion and his forma pauperis affidavit, the public defender was appointed to represent him on the motion. The matter was 'heard by the trial court without the presence of the appellant, and on February 14, 1975, the trial court overruled the motion. The court found that venue was shown because state's exhibit No. 1—a diagram of the apartment where the offense occurred—was admitted into evidence by stipulation of both counsel and such exhibit "bears the legend in large black print, St. Louis County, Missouri." The court also found (1) that the transcript does not support the allegation that favorable evidence was suppressed by the state and (2) that his claim that counsel was ineffective was without merit.

On this appeal, appellant again contends in his pro se brief that the court erred in denying the motion because (1) the state failed to establish and prove venue at the trial and (2) the state suppressed "favorable evidence of a [sic] oral statement which had not been disclosed pursuant to a pre-trial motion for production of favorable evidence of any written or oral statements . . ., thereby depriving the appellant of a fair trial and due process of law . . .."

In the brief filed by appellant's counsel, counsel contends that the trial court was "clearly erroneous" in ruling that trial counsel was not ineffective, because counsel "failed to object to the prosecution's introduction into evidence of a statement made by movant which had not been disclosed pursuant to a previous court order."

Prior to trial, which occurred in October, 1972, trial counsel filed a motion "for production of favorable evidence" and a motion "for discovery and inspection." The motion for the production of favorable evidence requested the state to furnish the defendant with various items including "all statements, books, papers, records, documents, lists and objects in the possession of the State that are favorable to this defendant or exculpatory of his actions." The motion for discovery requested the state to produce "and to permit this defendant to inspect and copy or photograph all written or recorded statements or confessions made by the defendant, or copies thereof . . .." At trial a motion to suppress was heard and overruled.

Following the overruling of the motion to suppress, defense counsel stated:

"Judge, the motion for discovery and inspection, I think we're entitled and I am sure [the prosecutor] will agree, to any statements that Mr. Nelson may have given to the police or any admissions that he may have given to the police . . . .."

After further colloquy regarding other matters, the prosecutor then stated:

"Your Honor, as far as the statements go, just for the record let me say that I have no knowledge of any written or recorded statements by the defendant or statements prepared and been signed by the defendant. To my knowledge, there is nothing that would—could be construed as a confession, oral or otherwise. And the only statements that may be involved at all might be statements that were made in the presence of the other people involved in this. I would concede [defense counsel] has a right to a written or recorded statement signed by the defendant, but there are none."

During the trial, Mr. Nelson took the stand and detailed some of the events. On cross-examination the prosecutor, after asking a general question, said: ". . . Do

---

2. He relies upon *Imbler v. Craven*, 298 F.Supp. 795 (C.D.Cal.1969); *Brady v. State of Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and *Kern v. State*, 507 S.W.2d 8 (Mo. banc 1974).

you recall on previous occasions making the statement that you don't remember what happened in there?" After an objection to the "general nature" of the question and the court indicating that it "can be more specific," the prosecutor then asked:

"All right. Let me direct your attention to April 18, 1972. Do you recall at that time making a statement that you didn't remember what had happened, you didn't know if you killed a man or not?" Movant replied, "Yes, sir." No further reference was made to the statement, and there was no indication to whom the statement was made or what the statement involved. Undoubtedly, the statement referred to was an "oral" statement.

It is upon these facts that movant contends the court erred in overruling his motion to vacate because the state suppressed "favorable" evidence of an oral statement, and because counsel was ineffective in not interposing an objection to the reference to the April 18, 1972 "statement."

On this motion to vacate, we are guided by certain well-established principles. (1) A motion filed under Rule 27.26 is an independent civil action which is governed, so far as applicable, by the Rules of Civil Procedure. Rule 27.26(a); (2) in such a proceeding, the burden is upon the movant to establish his right to the relief sought; (3) upon a review of the trial court's order, we are limited to a determination of whether the judgment is "clearly erroneous." Rule 27.26(j); (4) a finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed; (5) while an accused is entitled to the effective assistance of counsel, movant has a heavy burden to carry to show that counsel was ineffective; counsel is vested with broad latitude and is not to be adjudged incompetent by reason of what, in retrospect, appears to be error of judgment; and (6) defense counsel has broad latitude in the conduct of a defense and cannot be adjudged incompetent and the defendant deemed to be denied effective assistance of counsel by reason of trial strategy which did not produce an acquittal or some other desired result. *Lahmann v. State*, 509 S.W.2d 791, 794 (Mo.App.1974); *Brown v. State*, 495 S.W.2d 690, 693–694 (Mo.App. 1973).

Tested within these well-recognized principles, and after examining the transcript on appeal and the transcript of the 27.26 motion, we are convinced that the trial court was not "clearly erroneous" in overruling the movant's 27.26 motion.

First, as to venue, appellant contends that the state did not produce "any testimony" as to where the alleged crime was committed notwithstanding many witnesses testified for the state. He contends there was no testimony produced that the offense occurred in St. Louis County.

■ There is no question that venue must be proved because the accused is guaranteed the right to a public trial by an impartial jury of the state and district wherein the crime shall have been committed. *State v. Garrett*, 416 S.W.2d 116, 118–119 (Mo.1967); *Dean v. United States*, 246 F.2d 335, 338 (8th Cir. 1957); Mo. Const., Art. I, § 18(a); § 541.033, RSMo 1969. But venue is not an integral part of a criminal offense and need not be proved beyond a reasonable doubt or by direct evidence, but may be inferred from all the evidence in the case. *State v. Valentine*, 506 S.W.2d 406, 410 (Mo.1974), citing many authorities; *State v. Rocha*, 526 S.W.2d 834, 837 (Mo. App.1975).

"... In a criminal case venue may be established if the jury reasonably could find from the facts and circumstances introduced into evidence that the crime with which a defendant has been charged occurred within the trial court's jurisdiction. ..." *State v. Rocha*, supra, 526 S.W.2d at 837; *State v. Bradford*, 462 S.W.2d 664, 671 (Mo.1971); *State v. Valentine*, supra, 506 S.W.2d at 410.

■ There were ample facts and circumstances to show here that the offense occurred in St. Louis County. As stated by the trial court, counsel stipulated to the introduction of state's exhibit # 1—a dia-

gram of the apartment in University City which bears the legend "St. Louis County, Missouri." Further, investigating officers identified themselves as police officers of University City. Evidence obtained by police officers at the crime scene was examined at St. Louis County police laboratory, and other witnesses for the state indicated that the offense occurred in University City on Cates Avenue. See *State v. Valentine*, supra, 506 S.W.2d at 410, and *State v. Bradford*, supra, where evidence concerning established streets aided to establish venue.

Defendant relies on *State v. Poelker*, supra, 378 S.W.2d 491. That case is clearly distinguishable. In *Poelker*, the Supreme Court specifically found that the facts in the record were not sufficient to support an inference that the offense charged was committed in St. Louis County. In that case there was no evidence, circumstantial or otherwise, to show where the income tax had been either prepared or mailed.

We conclude that the trial court was not clearly erroneous in overruling movant's motion contending no venue was established.

As to appellant's second contention, that the state suppressed "favorable" evidence of an "oral statement" which had not been disclosed pursuant to his pre-trial motion for production of favorable evidence, we are convinced, under the circumstances, that this contention is without merit.[3]

██ It is now well settled that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. State of Maryland*, supra, 83 S.Ct. at 1196–1197; *Moore v. Illinois*, 408 U.S. 786, 92 S.Ct. 2562, 2568, 33

L.Ed.2d 706, 713 (1972). A criminal conviction obtained through the knowing use of perjured or false evidence violates the defendant's right to due process. *Imbler v. Craven*, supra, 298 F.Supp. at 802–803, and cases cited therein; *State v. Collett*, 526 S.W.2d 920, 931 (Mo.App.1975); *State v. Thompson*, 396 S.W.2d 697, 701 (Mo. banc 1965).

██ Under the decisions, the test of whether the suppression of favorable evidence violates due process is whether the undisclosed evidence had a reasonable likelihood of affecting the judgment of the jury and whether the evidence is material. *State v. Collett*, supra, 526 S.W.2d at 931. In *Moore v. Illinois*, supra, 92 S.Ct. at 2568, the Supreme Court stated: "Important, then, are (a) suppression by the prosecution after a request by the defense, (b) the evidence's favorable character for the defense, and (c) the materiality of the evidence."

██ Appellant's position that the state withheld "favorable evidence of the oral statement allegedly made by Appellant up until the same was used to impeach Appellant's testimony" does not satisfy the legal tests, and we hold that this contention is without merit. We are convinced that the oral statement referred to by the prosecutor did not have a reasonable likelihood of affecting the judgment of the jury. We cannot say that the character of the statement was favorable to the defense or that appellant was surprised by the state. There is no showing to whom the statement was made. The prosecutor admitted that he had no knowledge of any statements which could be construed as a confession and conceded that defense counsel has a right to any written or recorded statements signed by defendant, but there are none.[4] There is no indication that the statement was "favor-

---

**3.** Appellant contends the state surprised him by impeaching his testimony upon cross-examination by bringing up the oral statement. There was no indication by the one question relating to the statement as to whom the statement was made or what its contents were ex-

cept that it dealt with whether he knew he killed a man or not.

**4.** At the time of trial, former Rule 25.195 was in effect, which permitted defendant to inspect a copy of any relevant written or recorded statements or confessions made by the defendant.

able" to the defense. There is no showing how the "statement" prejudiced movant. Appellant makes a broadside attack that since the prosecutor on cross-examination asked the question, "Do you recall at that time [April 18, 1972] making a statement that you didn't remember what had happened, you didn't know if you had killed a man or not?", he concludes that any such "statement" is favorable to the defense, that it is material, that it would have a reasonable likelihood of affecting the jury, and that the "oral" statement must be transcribed and given to him. This is insufficient. The burden of showing that the "statement" was favorable to the movant and that the state suppressed the statement rests upon movant. Appellant has failed to sustain his burden. Rule 27.26(f). Hence, we hold that the trial court did not err in overruling the motion on the ground that the state suppressed favorable evidence.

Appellant's reliance on *State v. Johnson*, 524 S.W.2d 97 (Mo. banc 1975), is inapposite. In *Johnson*, the prosecution used a suppressed written statement made to the police for impeachment purposes which had not been disclosed to the defendant after request. The Supreme Court reversed, holding that the trial court should have required a showing by the state of the necessity for the use of the statement in rebuttal which would overcome the fundamental unfairness of using a suppressed statement which went directly to the guilt or innocence of the defendant. That decision does not control the facts here.

Lastly, appellant contends that he was denied effective assistance of counsel because trial counsel failed to protect the rights of the movant as to venue and failed to object to the question of the prosecutor as to whether movant made a "statement" that he didn't "remember what had happened . . . ." on April 18, 1972.

■ There is today no question that an accused is entitled to effective assistance of counsel. While this principle is well settled, numerous standards have been articulated to determine when counsel is deemed to be ineffective. See *Hall v. State*, 496 S.W.2d 300, 303 (Mo.App.1973); *Brown v. State*, supra, 495 S.W.2d at 694. While numerous tests have been laid down, the ultimate test is whether the efforts and representation of the attorney have reached a level of adequacy so that the defendant has had a fair trial. *Hall v. State*, supra, 496 S.W.2d at 303. See the standards in *McQueen v. Swenson*, supra, 498 F.2d at 207—relating to investigation by counsel. In order to show ineffectiveness, a 27.26 movant has a heavy burden to carry. It is recognized that counsel is vested with broad latitude and he is not to be adjudged incompetent and the movant denied effective assistance by reason of what, in retrospect, appears to be errors of judgment. Defense counsel has broad latitude in the conduct of a defense and cannot be adjudged incompetent by reason of trial strategy which did not produce an acquittal or some other desired result. *Lahmann v. State*, supra, 509 S.W.2d at 794, and cases cited therein. The movant must show that the conduct of counsel so prejudiced him as to have deprived him of a fair trial. *Fritz v. State*, 524 S.W.2d 197, 199 (Mo.App.1975).

■ The mere failure to make objections does not constitute ineffective assistance of counsel. *State v. Harris*, 425 S.W.2d 148, 153 (Mo.1968); *Brown v. State*, 512 S.W.2d 404, 407 (Mo.App.1974).

To find ineffective assistance of counsel, the action of trial counsel in failing to object must have gone beyond an error or mistake in the trial strategy or judgment and must have been of such character as to result in a substantial deprivation of the movant's right to a fair trial. *McConnell v. State*, 530 S.W.2d 43, 44 (Mo.App.1975).

■ We cannot conclude that counsel's failure to object resulted in a substantial deprivation of movant's right to a fair trial. Trial counsel's failure to object to the prosecutor's question cannot be construed, under any legally articulated test, as ineffective assistance of counsel. *Brown v. State*, supra, 512 S.W.2d at 407. We cannot con-

clude that the trial court was clearly erroneous in this regard.

We have read the record, we have read the appellant's pro se brief and appellate counsel's brief and the authorities relied upon in both briefs, and we conclude that the trial court did not err in overruling the motion to vacate and hence affirm the judgment.

The judgment is affirmed.

KELLY, J., concurs in result.

GUNN, J., concurs.