Leevert **AIKENS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38179.**

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 15, 1977.

Motion for Rehearing or Transfer Denied March 15, 1977.

Application to Transfer Denied May 10, 1977.

Robert C. Babione, Public Defender, Robert G. O'Blennis, Asst. Public Defender, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, W. Mitchell Elliott, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Thomas M. Daly, Asst. Circuit Atty., St. Louis, for respondent.

PER CURIAM.

Appellant, Leevert Aikens, appeals from an order of the circuit court of the City of St. Louis entered on May 18, 1976, overruling his motion to vacate sentence filed pursuant to Rule 27.26 V.A.M.R. In 1970 appellant was found guilty of the offense of rape and was sentenced under the second offender act to twenty years in the department of corrections. The conviction was affirmed by the Supreme Court. *State v. Aikens*, 473 S.W.2d 746 (Mo. 1971).

On October 21, 1975, appellant filed his pro se motion to vacate and set aside this conviction pursuant to Rule 27.26. The motion was amended on the date of the evidentiary hearing by court-appointed counsel, the public defender. Although alleging several grounds[1] not pertinent here, the thrust of the motion and the point briefed on appeal is that movant-appellant was denied effective assistance of trial counsel because his retained attorney failed to "adequately investigate" the facts of the case and "failed to interview or produce witnesses for the defendant."

Appellant complains on this appeal that he saw his attorney retained by his mother only once before the trial of his cause, some four or five months prior to trial, and that the attorney failed to investigate the case and interview and produce two witnesses

for the defense. On the day of trial, appellant informed counsel that he wanted two individuals to testify for him—a woman, Mrs. Eltha Harris, and "[a] man by the name of George, I never did find his last name out." On the evidentiary hearing on the motion, movant testified:

> "Well, my lawyer he never did reject anything that was going down in my trial because he wasn't aware of a lot of things because he didn't have any time to investigate it."[2]

On the evidentiary hearing, movant testified that his mother, his wife and his brother testified for him in the original trial, but that Mrs. Harris and George did not. Appellant indicated that these two missing witnesses "could have spotted me from the time I was left and came on the scene when the crime was." His mother and other witnesses, he contends, could only account for a time earlier than the offense. Movant did not know the phone number of "George," knew where he lived, but did not tell counsel where he worked. He testified that he told his counsel about "George" but counsel stated that "he didn't need him because as long as I had my mother and wife and sister and them that was enough."

When questioned by the court, appellant said he did not know the addresses of the two witnesses but "I could find the house." He testified that he informed counsel about Mrs. Harris and told him where she lived but that "he told me I had enough witnesses as long as I had my mother and my wife and my brother and sister to say I was at home . . . I didn't need the rest of them." He testified that on the evening of the offense he "went by this woman's, Eltha Harris. She owed me ten dollars and

---

1. The motion alleged that the state suppressed favorable evidence of laboratory results of his clothes which were taken from him when arrested, and that there was no basis for the Second Offender Act, § 556.280, since he was without counsel in Florida. At the evidentiary hearing, the laboratory report was introduced which showed nothing of evidential value, and the trial court found that the prior conviction was based upon an earlier Missouri, not a Florida, conviction. These matters were abandoned on this appeal. Since appellant raised these

issues in the trial court and received an adverse ruling on them, the failure to appeal these issues causes the judgment of the trial court to be final as to them. *Coles v. State* 495 S.W.2d 685, 686 (Mo.App. 1973); *Myrick v. State*, 507 S.W.2d 42, 43 (Mo.App. 1974).

2. He meant by this: "Well, because he said now, let's go, everything was going wild, and I could, I could see that he just wasn't doing his job defending me."

told me to come by and pick it up so I went by there, and she wasn't at home, and her kids were there. . . ." He then left Mrs. Harris' house and "went over to" George who was getting out of his car. George asked him, " 'Where you going,' " and movant replied, " 'I am going to East St. Louis.' " George dropped him off and he saw a woman, the victim, "standing like she was in a trance" in this alley, and when the police "screamed and said 'What are you doing back in the alley?' [s]he kind of woke up 'cause of the lights in the alley flashing, . . . I broke and ran."

The only other witness at the evidentiary hearing was the assistant circuit attorney who tried the cause. He testified that defense counsel "did everything he could with what he had."

On May 18, 1976, the trial court made its findings of fact and conclusions of law. The court found that the appellant did not meet Mrs. Harris that evening of the rape, since she was not at home, and that appellant did not know the address, telephone number, or the last name of "George." The court concluded that (1) the movant "failed by a preponderance of the evidence to clearly demonstrate [that] the actions of counsel went beyond errors of judgment on trial strategy and were of such character as to result in substantial deprivation of Movant's right to a fair trial. *Myrick v. State,* 507 S.W.2d 42 ([Mo.App.] 1974)," and (2) the movant failed to establish by a preponderance of the evidence that defense counsel failed to make an effort to locate the witnesses or that the "witnesses were essential to the Defendant-Movant's case. *Sykes v. State,* 458 S.W.2d 319 ([Mo.] 1970)." The court denied the relief sought in the motion. Movant appealed.

In reviewing the judgment of the trial court denying the appellant's Rule 27.-26 motion, we bear in mind the basic principles of such review. The burden of proof to establish the charge of ineffective assistance of counsel is on the movant. This burden is not met unless it is clearly demonstrated that the acts of counsel went beyond errors of judgment or trial strategy

and were of such character as to result in a substantial deprivation of movant's right to a fair trial. *McQueen v. State,* 475 S.W.2d 111 (Mo. banc 1971); *Nelson v. State,* 537 S.W.2d 689 (Mo.App. 1976). We will not disturb the findings, conclusions and judgment of the trial court unless the same are clearly erroneous. Rule 27.26(j).

Under well-settled principles relating to a motion filed pursuant to Rule 27.26 summarized in *Nelson v. State,* supra, 537 S.W.2d at 693, we hold that the court did not err in denying the relief sought in appellant's motion to vacate. Upon a review of the trial court's order, the order is not "clearly erroneous." Rule 27.26(j). A finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed.

The main thrust of appellant's contention is that counsel did not adequately investigate his case prior to trial and failed, although requested to do so, to interview and produce two witnesses at trial who allegedly would have aided his alibi defense, hence, counsel was ineffective.

There is no question that an accused is entitled to effective assistance of counsel. The test is whether the efforts of counsel and the representation by the attorney have reached a level of adequacy so that the defendant had a fair trial. *Hall v. State,* 496 S.W.2d 300, 303 (Mo.App. 1973); *McQueen v. Swenson,* 498 F.2d 207 (8th Cir. 1974). As stated in *Anderson v. State,* 487 S.W.2d 455, 460 (Mo. 1972), [quoting *Robinson v. United States,* 448 F.2d 1255, 1256 (8th Cir. 1971)]:

> ". . . 'In order to assert a Sixth Amendment infirmity on this ground, the circumstances must demonstrate that which amounts to a lawyer's deliberate abdication of this ethical duty to his client. There must be such conscious conduct as to render pretextual an attorney's legal obligation to fairly represent the defendant.' "

But, in order to show ineffectiveness, a movant has a heavy burden to carry.

Counsel is vested with broad latitude and he is not to be adjudged ineffective by reason of what, in retrospect, appears to be errors of judgment or trial strategy which did not produce an acquittal or some other desired result. *Lahmann v. State*, 509 S.W.2d 791, 794 (Mo.App. 1974). To find ineffectiveness, the acts of trial counsel must have been of such character as to result in a substantial deprivation of the movant's right to a fair trial. *Nelson v. State*, supra, 537 S.W.2d at 695.

▪ Appellant complains that counsel did not adequately investigate his case prior to trial and failed to produce two witnesses. We have never laid down a hard and fast rule which requires counsel to conduct an investigation and interviews of witnesses in all cases and under all circumstances. *Hall v. State*, supra, 496 S.W.2d at 304; *McQueen v. State*, supra, 475 S.W.2d at 114. When counsel does not interview or produce certain witnesses, it must be shown that the evidence which could have been uncovered by reasonable investigation would have proved helpful to the defendant, *McQueen v. Swenson*, supra, 498 F.2d at 220, or ". . . would have turned up anything helpful, something 'which would have aided or improved the appellant's position.' . . ." *Curry v. State*, 504 S.W.2d 97, 99 (Mo. 1974).

The record here reveals that there were several witnesses who testified in the original proceeding. As to the other two witnesses, there is no clear showing that they would have proved helpful or would have turned up something which would have aided or improved appellant's position. Mrs. Harris was not at home when appellant stated that he went to her house to recover the repayment of a loan, and appellant did not know "George," his phone number, his last name or the address. At trial when appellant mentioned to counsel the lack of these two witnesses, counsel indicated that as long as he had appellant's mother, brother and wife to attempt to establish the defense of alibi that was sufficient.

▪ Under all these circumstances, we cannot conclude that trial counsel was "ineffective" in not interviewing or producing

these two witnesses. See *Sykes v. State*, supra 458 S.W.2d at 320—if counsel had investigated there probably would have been somebody " 'around there' " who would have seen the occurrence. Defense counsel has wide latitude in the conduct of a defense. Trial strategy is an inadequate basis for an attack on the competency of counsel. *Coles v. State*, supra, 495 S.W.2d at 687; *Nelson v. State*, supra, 537 S.W.2d at 695.

Appellant relies on *Thomas v. State*, 516 S.W.2d 761 (Mo.App. 1974). In *Thomas*, counsel for the movant made no effort to interview persons who might establish or corroborate a defense because he had earlier prevailed on a motion to suppress evidence. The court held that counsel failed to perform his duty to investigate and prepare his client's cause having been given information that movant was working on the date of the offense for a cab company and was given names of certain witnesses. The court reversed and remanded for the purpose of having a hearing on the issue of whether prejudice flowed to the movant by reason of the failure of counsel to make a reasonable investigation. *Thomas*, supra, is not controlling here. Counsel there made no effort to contact witnesses whose names had been given him and who could establish that he could not have been at the scene of the robbery; counsel was content to rely only on previous motions filed.

The cause here was not a case, as in *Thomas*, of "failure of counsel to pursue the obvious line of investigation of the alibi defense but rather to rely upon his pretrial motions and forensic courtroom abilities . . . ." *State v. Thomas*, supra, 516 S.W.2d at 767. Here witnesses were produced. According to movant's own testimony, Mrs. Harris was not at home and therefore could not have corroborated appellant's alibi. There is no showing in this record that the other witness, "George," would have proved helpful to the defense even if his last name, phone number or address had been furnished counsel for the defense. Without this basic information we cannot conclude that counsel was ineffective in

failing to locate "George" or produce him at trial.

We conclude, therefore, that the trial court was not clearly erroneous in denying movant's motion to vacate sentence.

We have carefully studied the transcript on this motion and have examined the transcript in the original trial, the trial court's findings of fact and conclusions of law and the briefs of the parties and the authorities therein. We conclude that the judgment of the trial court was not clearly erroneous and hence affirm the judgment.

The judgment is affirmed.

All the Judges concur.