Robert **HOGSHOOTER**,
Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 13682.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 19, 1984.

Mark V. Clark, Columbia, for movant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Appellant was convicted of stealing two bulls. As a persistent offender, he was sentenced to imprisonment for 8 years. Appellant's conviction was affirmed on direct appeal. *State v. Hogshooter*, 641 S.W.2d 820 (Mo.App.1982). His subsequent Rule 27.26 motion initiated this proceeding. After an evidentiary hearing, that motion was overruled. While his motion alleged additional grounds, the appellant raises but a single point on appeal. He contends the motion court erred in not finding he was denied effective assistance of counsel. He asserts such ineffectiveness because his trial attorney did not adequately attempt to locate, interview and present trial witnesses.

■ To establish ineffective assistance of counsel, appellant had to show that his attorney's performance did not conform to the degree of skill, care and diligence required of a reasonably competent attorney under similar circumstances. In addition, the appellant was required to show that he was thereby prejudiced. *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Witham v. Mabry*, 596 F.2d 293 (8th Cir.1979); *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979). To establish the alleged ineffective assistance, the appellant had to prove the witnesses could have been located through reasonable investigation; they would have testified if called; and their testimony would have provided a viable defense. *Franklin v. State*, 655 S.W.2d 561 (Mo.App.1983); *Ladd v. State*, 621 S.W.2d 543 (Mo.App.1981).

■ The appellant initially complained of his attorney's failure to locate and present witnesses R.L. Poindexter, Gary Floyd, Casandra Ward and Bob Lacher. However, the evidence established Poindexter was subpoenaed and appeared at the trial. He was not called because he told the attorney he knew nothing of the incident. Poindexter's written statement to that effect was admitted in evidence.

The appellant told his attorney witness Floyd could be located through Prime, Inc., his employer. However, a return to a subpoena established this was not true. The attorney's investigation located "another" Gary Floyd on South Pinoak. Nothing in the record indicates this Gary Floyd should have been subpoenaed.

The address supplied by appellant for his girl friend Casandra Ward was Doniphan, Missouri, or southeast Missouri. By diligent effort in contacting several sheriffs, the attorney caused a Casandra Ward at Grandin, Missouri, (near Doniphan) to be subpoenaed. This person subpoenaed was hostile and denied knowing the appellant. The appellant agreed she should be released from the subpoena. The attorney's further efforts to locate a helpful Casandra Ward were unavailing. The appellant does not suggest where such a person could have been located.

The appellant told his attorney Lacher lived in the second house on the right past Manley's truck stop on North Glenstone. A subpoena to that address was returned non-est. The attorney sought to locate him by an investigator and through the parole officer. He was unsuccessful. The appellant did locate him for the motion hearing. There was no showing where he was at the time of the trial. But, it was immaterial as Lacher knew the appellant socially but denied any knowledge of the incident.

■ "[A]ll that is required is investigation that is adequate under the circumstances ...." *Pickens v. State*, 549 S.W.2d 910, 912 (Mo.App.1977). The trial court found the trial attorney met the required standard by doing all within his power and resources to contact and subpoena the witnesses requested by the appellant. Further, the trial attorney was told the testimony of Floyd and Ward would aid the appellant. He assumed it would. However, the record is devoid of any evidence the testimony of any prospective witness would have established a viable defense. Conjecture or speculation is not

sufficient to establish the required prejudice. *Aikens v. State,* 549 S.W.2d 117 (Mo. App.1977).

■ The burden of proving ineffective assistance of counsel was upon the appellant. *Franklin v. State,* supra; *Aikens v. State,* supra. The record does not establish the appellant's experienced and able trial attorney rendered any less than skillful and diligent service. It supports the determination of the motion court the ap-

pellant had the effective assistance of counsel. *Franklin v. State,* supra. The judgment is affirmed.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.