David THRASHER, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 54346.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 6, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Oct. 19, 1988.

Application to Transfer Denied
Dec. 13, 1988.

Beverly A. Beimdiek, James Stewart McKay, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

SIMEONE, Senior Judge.

This is an appeal from an order and judgment of the circuit court of the City of St. Louis entered on December 14, 1987 denying movant-appellant, David Thrasher's motion to vacate judgment pursuant to Rule 27.26. We affirm.

In 1982, movant-appellant was convicted in St. Louis City of rape and kidnapping following a trial by jury. Sections 566.030 and 565.110, R.S.Mo., 1978. He was sentenced to consecutive terms of twenty-five years for the rape conviction and ten years for the kidnapping conviction. On appeal this court affirmed the convictions. *State v. Thrasher*, 663 S.W.2d 776 (Mo.App.1983). Movant's appointed counsel at trial had also been his counsel at a separate, earlier and independent trial in which movant was convicted.

On July 2, 1987, movant filed a motion to vacate alleging ineffective assistance of counsel and certain other matters. An amended motion to vacate was filed by movant's counsel, incorporating by reference the allegations contained in the original motion and alleging that movant was denied effective assistance of counsel because (1) counsel only met with movant one time prior to trial; (2) counsel failed to introduce evidence or cross examine a witness regarding a dome light in movant's car; (3) counsel failed to object to testimony regarding movant's presence in a photograph of a lineup; and (4) counsel failed to contact a potential alibi witness, referred to as "Kim."

On September 16, 1987, an evidentiary hearing was held at which movant and counsel who represented him at trial testified. On December 14, 1987, the trial court entered its detailed findings of fact, conclusions of law and order denying the motion. The court found that any deficiencies which movant perceived to exist in his defense were caused by his own "stubborn and unwise refusal to cooperate" with counsel. The court also found movant's counsel made reasonable efforts to prepare movant's defense and finally, that movant's claim of ineffective assistance of counsel could not be based upon his own refusal to cooperate.

On appeal, movant contends the trial court erred in denying the motion to vacate because a preponderance of the evidence showed (1) his attorney failed to investigate or produce a known defense witness; and (2) his attorney failed to investigate physical evidence.

■ After reviewing the entire record, the order of the trial court should be affirmed. Appellate review is limited to determining whether the findings, conclusions and order of the court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The findings are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made.

*Armour v. State*, 741 S.W.2d 683, 688 (Mo. App.1987).

■ Movant's only contention relates to alleged ineffectiveness of counsel. To prevail on such a claim, movant must show that counsel's conduct undermined the proper functioning of the adversarial process and counsel's deficiencies prejudiced him. It is incumbent on movant to make both showings. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); *Jones v. State*, 747 S.W.2d 651, 653 (Mo.App.1988).

■ In order to establish ineffectiveness, movant must prove that the attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform and that he was prejudiced thereby. *Richardson, supra*, 719 S.W.2d at 915. When, as in the present case, a claim of ineffective counsel is made and grounded on the failure to present certain witness testimony, appellant must prove that "the witness could have been located through reasonable investigation; that [she] would have testified if called; and [her] testimony would have provided a viable defense." *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo.App.1984). In the case before us, movant has failed to make the required showing.

Movant claims he requested counsel to investigate a woman named "Kim" who could have potentially refuted the rape victim's testimony that she had been at a party prior to the offense. Movant asserts counsel owed him a duty to investigate this potential witness. But movant indicated at the evidentiary hearing that he did not know what her testimony would have been and he admitted that he had never seen "Kim" before.

In *Aikens v. State*, 549 S.W.2d 117 (Mo. App.1977), a similar assertion was made by the movant. The movant in *Aikens* claimed counsel inadequately investigated his defense and failed to interview or produce potential witnesses. Movant could only supply counsel with the first name of one of the potential alibi witnesses, "George." This court held that giving

counsel the first name of the witness, without any other "basic information" such as a telephone number or address, and failing to show how the witness could have proved helpful to movant's defense, was not enough to support his claim that counsel was ineffective for not locating the witness. *Aikens, supra,* 549 S.W.2d at 121–122.

■ Here, counsel testified that he did not recall the movant ever requesting him to investigate the alleged alibi witness. The trial court chose not to believe movant's testimony that on the day of the trial, movant requested counsel to locate the woman named "Kim." Prior to trial, on more than five occasions, movant had refused to speak with or see counsel. Movant continually refused to cooperate with counsel, even after a court order was issued ordering movant to leave his jail cell, and to speak with counsel. Movant has not shown that the testimony of "Kim" would have provided him with a viable defense. Conjecture or speculation is not sufficient to establish the required prejudice flowing from the failure to call a witness to testify. *Hogshooter, supra,* 681 S.W.2d at 22.

Under all these circumstances, we cannot conclude that counsel was ineffective, that it was unreasonable for counsel not to investigate "Kim," the alleged witness or that the judgment of the trial court was clearly erroneous. *See Sanders v. State,* 738 S.W.2d 856, 858 (Mo. banc 1987). *Cf., Thomas v. State,* 736 S.W.2d 518, 519 (Mo. App.1987); *Hogshooter, supra.*

Movant's contention of ineffectiveness of counsel also includes the allegation that counsel failed to investigate whether or not the dome light in movant's car was broken, after movant had requested him to investigate. Movant claimed the dome light was broken at the time of the offense and that if this fact was proven, the victim's identification of movant would have been questioned. Counsel testified that he did not recall movant asking him to investigate the dome light.

Movant contends, therefore, that his testimony that the dome light was broken is unrefuted and by a preponderance of the evidence, his claim of ineffectiveness is true.

■ The trial court found counsel's version of the events leading up to trial more believable than movant's. The court therefore chose to believe that counsel was not asked to investigate the dome light. The motion court is not required to believe the testimony of the movant or any other witness at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. *Armour, supra,* 741 S.W.2d at 688.

■ We do not find, after reviewing the whole record, that movant has shown by a preponderance of the evidence the trial court was clearly erroneous in choosing to disbelieve movant. The trial court was familiar with counsel and found his skill, dedication and effort to be "impressive." Even assuming that movant requested counsel to investigate the dome light, when ineffective assistance of counsel is based on an alleged failure to investigate, the movant must allege the specific information that counsel failed to investigate, that a reasonable investigation would have disclosed the information, and that the information would have aided the movant's defense. *Thomas, supra,* 736 S.W.2d at 519. Movant has not satisfied this criteria by a preponderance of the evidence.

We cannot find that the trial court's findings of fact, conclusions of law and order are clearly erroneous. The order denying movant's motion is therefore affirmed.

JUDGMENT AFFIRMED.

PUDLOWSKI, C.J., and CARL R. GAERTNER, J., concur.