**Charles HEEGER, Emily Heeger, Albert Heeger, and Ruth Heeger, Appellants,**

v.

**Benjamin LAMKE, Ethel Lamke, Daniel Strait, Deborah Strait, Margie Jonell Berger, and Margaret Berger, Respondents.**

No. 55196.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 23, 1989.

Timothy J. Melenbrink, Union, for appellants.

Lamke, Benjamin, Ethel, & Strait, Daniel, Union, for respondents.

**David E. McFALL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15884.

Missouri Court of Appeals,
Southern District,
Division Two.

May 25, 1989.

Jim Lynn, Columbia, for movant–appellant.

William L. Webster, Atty. Gen., and Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

A jury found movant guilty of three motor vehicle misdemeanors. They assessed his punishment on each conviction at imprisonment for one year. The jury also found the movant guilty of the felony of leaving the scene of an accident. On this conviction the court sentenced the movant as a prior offender to imprisonment for five years. It ordered the sentences to run consecutively. The movant's convictions were affirmed upon appeal. *State v. McFall*, 737 S.W.2d 748 (Mo.App.1987). He now appeals the denial of his attack upon those convictions by a motion under Rule 27.26.[1]

By his amended motion, the movant sought relief on an assortment of grounds. He was accorded an evidentiary hearing. At the movant's request, the hearing was recessed for five days to allow the movant's investigator additional time in which to locate witnesses movant claimed his counsel ineffectively failed to interview. After the recessed hearing, the motion court made thorough and comprehensive findings of fact and conclusions of law and denied the motion.

On appeal the movant's sole point is that the trial court erred because he had ineffective assistance of counsel in that "defense counsel failed to interview or call at trial witnesses who would have testified that another individual was driving the automobile involved in the accident which gave rise to the charges against appellant."

By resort to movant's argument, it is established he refers to Gary Collins, William Rose, Douglas Schultz and Tony Wimmer. The motion court found that movant's counsel was not ineffective in respect to these witnesses for the following reasons. The movant did not suggest to counsel that Gary Collins was a potential witness. The record does not establish that counsel could have otherwise known of Gary Collins as a potential witness. Neither movant nor his counsel knew the whereabouts of William Rose. Further, they decided as a matter of trial strategy that even if Rose was available he should not be called as a witness. The movant did not tell counsel Douglas Schultz, a patron at a bar frequented by movant, was a potential witness. The record does not suggest that counsel should have otherwise known of Douglas Schultz as a potential witness. Counsel's investigator did interview Tony Wimmer. Wimmer stated that he had no information concerning the accident in question or which would be helpful to movant. The motion court also noted that at the adjourned hearing movant's investigator stated that he could not find the missing witnesses and if granted additional time he *might* find them but could not with any assurance say that he could do so.

Upon the basis of its findings of fact, which included those above set forth, the motion court concluded movant's counsel was not ineffective. That conclusion is not erroneous, but eminently correct. See *Hogshooter v. State*, 681 S.W.2d 20 (Mo. App.1984). The judgment of the motion court is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.

1. Movant's sentence was pronounced before and his motion under Rule 27.26 was pending on January 1, 1988. Post-conviction relief is governed by the provisions of former Rule 27.26.