STATE of Missouri, Respondent,

v.

Roland GRIFFIN, Appellant.

Roland GRIFFIN, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 56640, 58409.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 4, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 3, 1991.

Thomas L. Ray, Colson, Wagner & Ray, and Donald J. Hager, Farmington, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of selling marijuana and the resultant thirty year sentence of imprisonment.

He also appeals from denial of his post-conviction motion pursuant to Rule 29.15.

■ There is no challenge to the sufficiency of the evidence to support the verdict. All but one of the issues raised on direct appeal relate to claims which if meritorious would warrant a new trial. We have reviewed those claims and find them without merit. In view of our disposition of defendant's appeal of the Rule 29.15 motion an opinion on those issues would have no precedential value. Defendant's attack on the sentence is meritorious as the maximum punishment was changed to 15 years after the trial. See Sec. 195.211 R.S.Mo.Supp.1990. Defendant is entitled to the benefit of that change. *State v. Pena*, 784 S.W.2d 883 (Mo.App.1990). Except for the sentence imposed the conviction is affirmed.

We turn to defendant's post-conviction motion alleging ineffective assistance of counsel. The motion court after an evidentiary hearing prepared lengthy findings and conclusions. Some discussion of the facts of the offense are necessary to address the motion.

The evidence at trial was presented by two witnesses, State Trooper Hug and a chemist who identified the material purchased by Hug as marijuana. Hug testified that through an informant he made arrangements undercover to purchase marijuana. He, the informant, and a third party who arranged the purchase, went to the apartment of Angie Vance. Hug testified they met defendant downstairs and were led by him to the apartment. In the apartment defendant sold to Hug a quarter pound of marijuana for which Hug paid $425. In the preliminary hearing Hug testified that two unknown people were in the kitchen of the apartment.

■ Trial was on March 27, 1989. Defendant hired private counsel who was allowed to withdraw on March 6 because of lack of cooperation by defendant. Defendant met with appointed counsel from the public defender's office on March 16 and March 24. It is clear that defendant did not cooperate with counsel on either occasion. On March 24 he did, however, identify to counsel the presence of Ms. Vance and Shelly and Larry Laws in the apartment at the time of the alleged marijuana sale. He advised counsel that Ms. Vance might testify against him. His statement to counsel concerning the Laws' testimony indicated that he had told them after Hug left that he had not "handed" the marijuana to Hug. Counsel regarded this as inadmissible hearsay. He made no effort to contact the Laws. The record indicates their location was known to defendant's mother. At the evidentiary hearing counsel was asked and answered as follows:

"Q. Is it fair for me to say that there was, you made the decision that nobody in your office needed to contact the Laws?

"A. No, it's not. It's fair I would say to say that after Roland's conduct and behavior on the 24th before the trial, I felt it was impossible to meaningfully represent him.

"Q. So you concluded on March 24th after meeting with Mr. Griffin that you could not meaningfully represent him; is that correct?

"A. That there were major problems because of his conduct. That's right."

Immediately before trial, counsel sought to withdraw and for a continuance. Both requests were denied by the court. At trial defendant presented no evidence.

Both Laws testified at the evidentiary hearing. Shelly stated that she, Larry, Vance and defendant were playing cards at a kitchen table when Hug and two other people without invitation entered the apartment. She stated there was no marijuana on the table in the living room prior to their entry and that defendant was at the kitchen table prior to that entry and remained there until after the marijuana appeared. That throughout the time Hug was present, approximately 5 minutes, defendant's conversation with Hug was telling him to leave the apartment and refusing to sell Hug marijuana which appeared on the table. She testified that at no time did defendant give marijuana to Hug or receive money from Hug. She also stated Hug

threw the money down on the table and picked up the marijuana. All of this testimony was directly contrary to the testimony of Hug. Larry Laws' testimony was essentially to the same effect although he admitted he did not observe defendant continuously while Hug was present. He did testify that Ms. Vance was in close proximity to the living room table when the marijuana appeared. Neither of the Laws knew who placed the marijuana on the table but Shelly testified it could not have been defendant. Ms. Vance was the occupant of the apartment and defendant testified at the motion hearing that she placed the marijuana on the table and made the sale.

■ Shelly Laws exhibited some inconsistencies in her testimony on collateral matters because of difficulties with dates. On the question of defendant's participation in the alleged sale she was firm and consistent. The motion court in its findings emphasized the inconsistencies in concluding her testimony would not have affected the outcome of the case. We have consistently held that inconsistences go to the weight to be accorded the testimony and is properly a question for the jury. Further the inconsistencies here related to a post-trial affidavit she signed summarizing defendant's non-participation in the transaction and those inconsistencies would not have been present at the trial.

The motion court further found that based upon defendant's statements of the Laws expected testimony counsel believed their testimony would be inadmissible hearsay and was justified in making no further investigation. We disagree. Granting that counsel has no obligation to locate inadmissible evidence, the situation here did not absolve counsel of the obligation to interview the Laws. The state's case was based solely on the testimony of the state trooper. He was one of seven people in the room. Counsel was aware before trial that the trooper identified two unknown persons in the kitchen within his vision and in close proximity. Defendant identified those two persons as the Laws. Regardless of what defendant believed the Laws would testify to, counsel under those circumstances should determine whether those witnesses are in a position to furnish testimony favorable to his client. It is counsel's obligation, not the client's, to evaluate the value of the witness's testimony to the defense. And if counsel does not determine what the witness could testify to he cannot make an evaluation of the testimony or its usefulness. If these witnesses were believed by the jury the defendant would not have been convicted. They were available, they were known to counsel and they should have been interviewed.

■ To prove ineffective assistance of counsel defendant must show that the performance was deficient and that it resulted in prejudice depriving defendant of a trial whose result is reliable. This requires a showing of a reasonable probability that but for the errors the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052[3], 80 L.Ed.2d 674 (1984). Counsel has a duty to make reasonable professional investigations or to make a reasonable decision that makes particular investigations unnecessary. *Id.* S.Ct. [13]. Defendant must establish that the witnesses could have been located through reasonable investigation; they would have testified if called; and their testimony would have provided a viable defense. *Hogshooter v. State*, 681 S.W.2d 20 (Mo.App.1984) [1, 2]. The evidence at the hearing established all of these requirements. Without the Laws the defendant had no defense; with them he had a complete defense if they were believed. Counsel's failure to locate, interview and call these witnesses resulted in inadequate and ineffective assistance of counsel. While we give great deference to the findings of the motion court, here the evidence at the hearing clearly establishes ineffective assistance of counsel.

Judgment of conviction affirmed. Order denying movant's post-conviction motion is reversed and cause is remanded with directions to grant said motion.

SATZ and CARL R. GAERTNER, JJ., concur.