**William H. JOHNSON,
Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

No. 53798.

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 25, 1988.

Maria V. Perron, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted by a jury of two counts of rape, two counts of sodomy, and two counts of kidnapping for his involvement in the gang-raping of two women. He was sentenced to a total of 60 years' imprisonment, 15 years on each of the sex offense counts to run consecutively and eight years on each kidnapping count to run concurrently with the rape and sodomy sentences. We affirmed his conviction on appeal. *State v. Johnson,* 637 S.W.2d 157 (Mo.App.1982).

In his pro se Rule 27.26 motion, movant raised one claim; he alleged his sentence was excessive and disproportionate to the sentences received by his co-defendants. Counsel was appointed to represent him. Without holding an evidentiary hearing, the motion court issued findings of fact and conclusions of law, denying movant's motion.

In his sole point on appeal, movant contends the court erred in denying his motion without an evidentiary hearing because he raised "a valid and cognizable issue under Rule 27.26" in his motion.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915.

To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987).

The motion court found movant's sentences were within the statutory sentencing guidelines and the fact that his co-defendants received shorter sentences than he received does not raise an issue cognizable under Rule 27.26.

The court did not err in denying movant's motion without an evidentiary hearing. Movant's sentences are within statutory limits, and, therefore, his motion states no claim which merits relief. *Hub-*

*bard v. State,* 706 S.W.2d 289, 290 (Mo. App.1986); *Shields v. State,* 491 S.W.2d 6, 9–10 (Mo.App.1973).

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.