Lonnie ABERCROMBIE,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15597.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 18, 1988.

Melinda K. Pendergraph, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

A jury found the movant guilty of second degree felony murder (former § 565.004, now repealed) by causing the death of his seven-week-old daughter in the commission of the felony of child abuse, § 568.060. The jury assessed his punishment at imprisonment for 25 years. He was sentenced in accordance with that verdict. His conviction and sentence were affirmed on appeal in *State v. Abercrombie*, 694 S.W.2d 268 (Mo.App.1985).

By his motion under Rule 27.26, movant seeks to set aside that conviction and sentence. The sentence was pronounced before January 1, 1988. His motion was pending on that date. This proceeding for post-conviction relief is governed by "the provisions of Rule 27.26 in effect on the date the motion was filed." Rule 29.15(m). Following an evidentiary hearing, the movant's 27.26 motion was denied. The movant presents one point on appeal.

A summary of the evidence that resulted in movant's conviction is found in *State v. Abercrombie, supra.* Succinctly stated, the trial evidence relevant to the issues in this proceeding is the following. The mother of the child testified that before retiring on the fateful evening she put the baby to bed. When the mother awoke the next morning, she found the baby suffering from the injury from which the baby died. The mother could not remember if the movant had gone to bed when she put the baby to bed. However, the movant was in bed the next morning when the mother found the baby.

Initially, the movant and the mother said the child's injury was the result of a sudden stop of a motor vehicle in which the family was riding. In the month following the baby's death, the movant and the mother were arrested and placed in jail. Both recanted the motor vehicle story. The mother was released. The movant, at his motion hearing, testified he sent a note to the deputy sheriff who had arrested him. The note advised the deputy that if the authorities would let the movant speak to the mother, he would give the deputy a statement. As noted in *State v. Abercrombie, supra,* the movant did, upon adequate constitutional warnings, give the deputy two written statements implicating himself in the death of the baby. The movant testified at a hearing upon a motion to suppress those statements that he made the statements as a result of a promise to let the mother go home. But, on the advice of counsel, it was "mutually decided that he should not testify" at the underlying trial.

The motion hearing was had upon movant's second amended motion. That motion set forth in paragraph 8 purported grounds for relief. Paragraph 8A alleged in general terms the movant "was denied his right to effective assistance of trial counsel." To establish that ground, the movant alleged in paragraph 9A he would prove the following:

9A. Trial counsel did not preserve his Motion to Suppress Defendant's Statements by contemporaneous objections at trial. In support of this ground, Defendant will offer the trial transcript and the transcript of the hearing on the Motion to Suppress.

(1) Trial counsel omitted to call as witnesses, even though they were available, the following persons: Mr. Earnest Lee James, . . .; Mrs. Vertia Miller, . . .; Rita Zelasko, . . . . All of said witnesses would have testified that Lavona Abercrombie committed the crime and/or confessed to having committed the crime and was letting her husband take the blame for the crime.

. . . . .

(2) Trial counsel omitted to call as witnesses Robert Cottle . . . and Steve Puller . . ., who would have testified that any statements made by Defendant were made under extreme duress and Jerry Fiddler, . . . . (addresses of expected witnesses omitted)

The movant's sole point on appeal is that he was denied effective assistance of counsel because trial counsel failed

to interview and investigate defense witnesses: Earnest Lee James and Rita Zelasko, who would have testified that appellant's wife, Lavona (Abercrombie) Skipper, not appellant, committed the offense for which appellant was convicted; and Robert Cottle, Steve Puller and Jerry Fiddler, who would have testified about the circumstances accompanying appellant's statement to the police that he had injured his daughter which indicated that the statement was made under duress and was made to protect appellant's wife.

The movant's second amended motion does not in any manner assert as a ground for relief the ineffectiveness of counsel relied upon in movant's sole point on appeal. As stated, the ground alleged in the second amended motion was that trial counsel did not preserve the motion to suppress the movant's statements by contemporaneous objection at the trial. Neither the movant nor the state addressed or briefed this alleged ground for relief. It was a ground heard and determined by the motion court. For that reason, this court will review that determination of the motion court upon its merits.

Although the same was made a part of the record by reference, the movant has not filed in this court a copy of the motion to suppress. "Any exhibits not filed on or before the day of argument may be considered by the court as immaterial to the issues on appeal." Rule 30.05. Nevertheless, this court will assume that the motion to suppress asserted that movant's statements were inadmissible because they were not voluntary.

■ It is apparent the motion to suppress was based upon trial strategy that the statements given by movant were false

and were made because of the duress upon him to free his wife. Movant so testified at the hearing upon the motion to suppress. Between that hearing and the trial, as a result of information acquired by trial counsel, the movant's trial strategy changed. Upon the advice of counsel the movant did not testify at the trial. During his cross-examination in the motion hearing concerning trial strategy, movant's trial counsel asked: "Would you like me to state what I understood, what Mr. Abercrombie told me was [sic] the reasons for the confession?" Movant's motion counsel succinctly answered, "No. Let me withdraw that question." When the state inquired of trial counsel concerning the reason for the change in strategy, the movant successfully objected and said: "[A]nd as to any strategy, or whether or not they switched horses, or why they did it, I don't think that's an issue in this case,...."

The trial court found:

At the trial, experienced counsel made a very specific objection on the basis that there was insufficient foundation for admission of Exhibits 1 and B (the statements). The Court concludes that the breadth of the objection made was a judgment call on the part of counsel made as a part of trial strategy, and as such, was not cognizable under Rule 27.-26.

The "mere choice of trial strategy is not a foundation for finding ineffective assistance of counsel." *Sanders v. State*, 738 S.W.2d 856, 858 (Mo.banc 1987). That finding of the motion court is obviously supported by the evidence. The movant does not contend otherwise.

"If issues are not presented to the trial court in the motion to set aside the convictions and the hearing did not focus in on the issues, they may not be considered on appeal." *Anderson v. State*, 647 S.W.2d 883, 884 (Mo.App.1983). The only issue on ineffective assistance of counsel raised by movant's point on appeal was not presented to the motion court. Movant's appeal could be denied upon that basis.

■ Nevertheless, in its discretion, the court will consider the stated point that

trial counsel rendered constitutionally ineffective assistance by failing to interview and investigate the five named witnesses. "To establish the alleged ineffective assistance, the appellant had to prove the witnesses could have been located through reasonable investigation; they would have testified if called; and their testimony would have provided a viable defense." *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo.App.1984). In addition, a failure to investigate and call a witness does not constitute ineffective assistance when that is a mere choice of trial strategy. *Sanders v. State*, supra.

Movant testified Cottle wrote the note for him to the deputy sheriff which resulted in his two statements. Cottle reportedly testified at the suppression hearing. Puller, while in the Barry County jail, reportedly overheard a remark the deputy made after obtaining a statement from movant. That remark was "Bingo, we've got this son of a bitch ... no one is going no where." Trial counsel testified that he tried but couldn't locate Cottle. Further, he had no idea of Puller's whereabouts. At the motion hearing, movant did not show that at the time of trial these witnesses could have been located through reasonable effort or that they would have testified.

■ James and Fiddler purportedly had heard the mother of the baby make statements incriminating herself. Movant testified he wanted them called as witnesses at the suppression hearing, but counsel did not do so. He further testified James and Fiddler were in the courthouse at the time of his trial. Trial counsel testified that in the formulation of trial strategy he discussed each potential witness with the movant. Trial counsel added the decision on what witnesses to put on the stand was a joint decision between both lawyers and the client. The movant did not attempt to refute this statement. It is apparent that James and Fiddler were not called as witnesses at trial as a result of mutually agreed upon trial strategy.

At the motion hearing Zelasko, sister of movant, testified the mother admitted to her the movant was in jail for something

the mother had done. For this reason, movant argues trial counsel was ineffective in not interviewing Zelasko as a witness at the trial. Movant's stated point with reference to Zelasko is patently without merit. Zelasko testified the admission was made almost two years after movant's conviction. For the reasons stated in regard to each of the five witnesses, the movant's sole stated point on appeal has no merit.

Referring to the movant's burden of proof for post-conviction relief as delineated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court found "[h]ere, movant has failed on both prongs of his burden." That finding is supported by the evidence. The judgment of the motion court is affirmed.

FLANIGAN, P.J., and HOGAN and PREWITT, JJ., concur.