Stephen Dale GOODE,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 54672.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 24, 1989.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Feb. 28, 1989.

Application to Transfer Denied
April 18, 1989.

Michael D. Burton, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

A jury convicted movant of second degree robbery, and the court sentenced him as a persistent offender to 30 years imprisonment. We affirmed on direct appeal. *State v. Goode*, 721 S.W.2d 766 (Mo.App. 1986).

Movant filed a pro se Rule 27.26 motion and appointed counsel filed an amended motion. In his motion and in his sole point on appeal, movant contends his trial counsel was ineffective for failing to investigate a potential witness, namely a bartender at the tavern outside of which the robbery occurred.

The only witnesses at the evidentiary hearing were movant, who testified he gave counsel the bartender's name, and counsel, who testified she attempted unsuccessfully to locate the bartender.

The motion court, in denying the motion, made findings of fact and conclusions of law wherein it noted, "The evidence clearly established that trial counsel attempted to locate the bartender ... but was unable to do so." The court concluded movant failed to establish by a preponderance of the evidence that counsel was ineffective or that movant was prejudiced by the purported ineffectiveness.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

 Counsel's duty to investigate includes contacting potential witnesses named by the client who might aid in his defense. *Poole v. State,* 671 S.W.2d 787, 788 (Mo.App.1983). Whether it is reasonable for defense counsel not to interview a potential alibi witness is to be determined under the specific circumstances of each case. *See Sanders v. State,* 738 S.W.2d 856, 858 (Mo. banc 1987).

 The record reveals no evidence indicating counsel's failure to investigate the bartender was unreasonable. Moreover, as we noted in movant's direct appeal, the evidence of his guilt was overwhelming. *Goode,* 721 S.W.2d at 770. Thus, we cannot conclude movant was prejudiced by the alleged ineffectiveness. The findings and conclusions of the motion court are not clearly erroneous.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.