Clyde HAYES, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 41326.

Missouri Court of Appeals,
Western District.

Aug. 15, 1989.

Byron N. Fox, Kansas City, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellant, Clyde Hayes, appeals the denial of his motion to vacate his conviction and sentence pursuant to Rule 29.15. The conviction sought to be vacated was for selling cocaine. Appellant was sentenced by the court as a prior offender pursuant to Section 558.016, RSMo 1986. Appellant's conviction and sentence of twenty-five years' imprisonment were affirmed on direct appeal. *State v. Hayes,* 719 S.W.2d 514 (Mo. App.1986).

Appellant first alleges the hearing court erred by denying his Rule 29.15 motion and holding that he was not denied effective assistance of counsel. Appellant alleges counsel was ineffective for failing to investigate and make discovery and because of a potential conflict of interest by trial counsel.

Appellate review of post-conviction relief sought in a motion to vacate is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j); *Brummell v. State,* 770 S.W.2d 379, 380 (Mo.App.1989). The motion court's findings, conclusions and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986).

A movant bears a heavy burden of showing ineffective assistance of counsel. *Smith v. State,* 714 S.W.2d 834, 836 (Mo. App.1986). To evaluate ineffective assistance of counsel claims, the United States Supreme Court announced a two part test in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–88, 104 S.Ct. at 2064–65. In reviewing this issue the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that under the circumstances, alleged action might be considered sound trial strategy. *Id.* at 689, 104 S.Ct. at 2065. Second, the defendant must show there is reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. In reviewing such a claim the courts do not have to consider both prongs; if a defendant fails to satisfy one prong, then the court does not need to consider the other. *Strickland v. Washington, Id.* at 697, 104 S.Ct. at 2069–70.

Appellant first alleges trial counsel was ineffective for failing to investigate and make discovery. Appellant argues that trial counsel failed to file any discovery requests on his behalf.

Trooper Mathew Brown testified on behalf of the State at appellant's trial. Trooper Brown testified that on August 13, 1984, while working undercover, he went to the home of Margaret Thomas and went with her to the Hanger Bar, in Kansas City, where they met appellant. Trooper Brown testified that he gave Margaret Thomas a $100 bill and that she gave the bill to appellant who then handed a white wadded tissue paper to Margaret Thomas who then handed the tissue paper to him. The tissue paper contained packets of cocaine. Margaret Thomas did not testify at

appellant's trial. Appellant alleges that helpful information could have been obtained by trial counsel undertaking discovery of the files in his case and from police files on Margaret Thomas. Appellant's allegations in this regard are nothing more than speculation.

The motion court made the following finding in regard to the discovery issue:

... Movant speculates as to numerous consequences which resulted from these failures, but these allegations are not self-proving and there is no evidence before the court to support any of the allegations. To the contrary, the files and records of the case indicate that Movant's trial attorney's [sic] were well informed of the facts and circumstances of the case. The mere fact that no written discovery request was filed, if true, does not establish that the attorney's [sic] did not possess the information. The court's own file reflects, in a letter from the prosecutor to trial counsel that discovery could be obtained merely by calling the prosecutor's office. Since, the court finds that the trial attorneys were adequately informed of the facts and circumstances of the case, there is no need to consider the alleged consequences of their not obtaining discovery.

Appellant has not presented any evidence to show the finding of the motion court to be clearly erroneous.

■ Appellant next alleges there were various witnesses who trial counsel should have investigated. Appellant alleges that his trial counsel did not investigate or interview any of the State's endorsed witnesses. Appellant's mere allegation is not self proving and appellant bears the burden of proving his allegations by a preponderance of the evidence. *Thomas v. State,* 665 S.W.2d 621, 623 (Mo.App.1983). Appellant merely speculates as to what the witnesses might or might not have said and has not proved that their testimony would have been helpful to his defense.

■ In order to show ineffective assistance of counsel for an alleged failure to interview witnesses, appellant must prove that the witnesses could have been located

through reasonable investigation; they would have testified if called; and their testimony would have provided a viable defense. *Hogshooter v. State,* 681 S.W.2d 20, 21 (Mo.App.1984). Appellant has not presented evidence to meet this test.

■ Appellant next alleges that counsel was ineffective because of a possible conflict of interest. Appellant acknowledges that this claim was not raised before the motion court. Appellant alleges that after his motion for relief under Rule 29.15 was denied by the motion court, he became aware of a possible conflict of interest by trial counsel. Appellant alleges that trial counsel may have negotiated a plea agreement for Margaret Thomas after she was charged by the State with a narcotic violation.

Appellate court review of a motion under Rule 29.15 is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.-15(j). Appellant's allegation of a possible conflict of interest rendering counsel ineffective is not cognizable on appeal in that it was not presented to the motion court and therefore it is not within the scope of appellate review.

■ Appellant's final point is that he received an unduly harsh sentence in violation of the Fifth and Fourteenth Amendments to the United States Constitution in retaliation for his failure to plea bargain. Appellant argues that this is shown by the fact that he was sentenced to a term of 25 years' imprisonment after trial while he had been offered a recommended term of 7 years upon a plea of guilty.

■ A defendant is not entitled to post-conviction relief on the basis that his sentence was excessive if his sentence was within statutory limits. *Johnson v. State,* 750 S.W.2d 648, 649 (Mo.App.1988).

Appellant was convicted of selling cocaine, a Schedule II Controlled Substance and sentenced by the court, as a prior offender, to 25 years' imprisonment. Sale of cocaine is punishable by a term of 5

years' to life imprisonment. Section 195.-200.1(4).

The denial of appellant's request for post-conviction relief is affirmed.

All concur.