Sean THOMPSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 56186.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 19, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 25, 1989.

Application to Transfer Denied
Dec. 12, 1989.

Janis C. Good, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant pleaded guilty to murder in the second degree pursuant to § 565.021, RSMo 1986 on February 22, 1984. Movant was sentenced to twenty-five years' imprisonment to run concurrently with a sentence already imposed.

On June 23, 1988, movant filed his Rule 24.035 motion. Counsel was appointed and on October 19, 1988, movant filed an amended motion. On October 31, 1988, the State filed a motion to dismiss movant's motion without an evidentiary hearing.

On November 1, 1988, the motion court denied movant's evidentiary hearing for failure to timely request an evidentiary hearing. On December 30, 1988, the motion court set forth its findings of fact, conclusions of law and order denying movant's Rule 24.035 motion.

Movant appeals contending the motion court erred in denying his motion where he stated trial counsel failed to investigate and interview Kevin Ingram who would have testified movant shot victim in self-defense. Movant alleges this prejudiced him by leaving him no other option but to plead guilty.

Our review is limited to a determination of whether findings, conclusions and judgment of the motion court are clearly erroneous. Rule 24.035(j). After a guilty plea, the incompetence of counsel is material only to the extent it bears on the voluntariness of the plea. *Simons v. State*, 719 S.W.2d 479, 480 (Mo.App.1986).

To establish ineffective assistance of counsel for failure to contact a witness, movant must prove the witness could have been located through reasonable investigation; witness would have testified if called; and witness' testimony would have provided a viable defense. *Hogshooter v. State*, 681 S.W.2d 20, 21 [1, 2] (Mo.App.1984).

Movant contends Kevin Ingram, if interviewed by trial counsel, would testify movant shot victim in self-defense. However, at the guilty plea proceeding movant admitted he did not shoot the victim in self-defense; the shooting was in no way justifiable; and it was intentional. Movant testified he had given his trial counsel all the names of witnesses who movant thought could help him and trial counsel did everything he asked her to do. Trial counsel testified she had talked to all the witnesses movant had asked her to and had endorsed them. Kevin Ingram's alleged testimony cannot be seen to have provided a viable defense where movant testified the shooting was not in self-defense. Further, movant failed to provide Kevin Ingram's address.

Movant's contention is clearly refuted by the record. The motion court's judgment was not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.