Eric CAMPBELL–BEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 57317.

Missouri Court of Appeals, Eastern District.

June 12, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 11, 1990.

Marc B. Fried, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Chief Judge.

Movant, Eric Campbell–Bey, appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant pleaded guilty to two counts of unlawful use of a weapon, § 571.030 RSMo 1986, and one count of failure to appear, § 544.665 RSMo 1986. Movant was sentenced on January 30, 1989 as a prior and persistent offender to seven years imprisonment for each count to be served concurrently.

On May 4, 1989, movant filed his Rule 24.035 pro se motion along with a request for an evidentiary hearing. Counsel was appointed on May 15, 1989, and on July 17, 1989, movant filed an unverified amended motion. On July 31, 1989 the motion court set forth its findings of fact, conclusions of law and order denying movant's Rule 24.-035 motion without an evidentiary hearing.

In his sole point on appeal, movant contends that the motion court erred in holding that he was afforded effective assistance of counsel and that his pleas of guilty were voluntary, intelligent, and knowing.

■ Appellate review of a motion court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j); *Day v. State*, 770 S.W.2d 692, 695[1] (Mo. banc 1989). The findings, conclusions and judgment of the motion court will be deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.* at 695–696[1].

■ Movant's Rule 24.035 motion must allege facts, not conclusions, that raise matters unrefuted by the files and record in the case and the matters complained of resulted in prejudice to movant's defense. *Barker v. State*, 776 S.W.2d 451, 452[1] (Mo.App.1989).

■ After a guilty plea, the effectiveness of counsel is material only to the extent it bears on the voluntariness of the plea. *Thompson v. State*, 779 S.W.2d 666, 667[1] (Mo.App.1989).

■ Movant first alleges that he was unaware of the consequences concerning his pleas due to his reliance on statements made by his counsel that an agreement had been reached with the United States Attorney's Office regarding the dropping of certain federal charges in return for his plea. In reviewing movant's motion, there are no facts alleged indicating that any action is contemplated or pending at the federal level or that movant has been prejudiced in any way. Further, the record of movant's guilty plea states:

Q. Have any threats or promises been made to you in order to obtain this plea of guilty?

A. No.

Q. And do you enter this plea of guilty voluntarily and with understanding of the consequences?

A. Yes, sir.

Q. Did your attorney explain to you the full range of punishment for each of these charges?

A. Yes, sir.

Q. And has anyone told you to say anything but the truth during this proceeding?

A. No, sir.

Additionally movant was asked:

Q. Was the sentence imposed on you the result of a plea bargain?

A. Yes.

Q. Other than the plea bargain, did your attorney communicate any threats or promises to you to induce you to enter your plea?

A. No, sir.

The record clearly indicates that movant entered his plea of guilty voluntarily and that he was fully aware of the consequences of such action. Movant's contention is without merit.

■ Movant further alleges that counsel did not explain that movant would be sentenced as a prior and persistent offender if he pleaded guilty to the charges. The record of the guilty plea clearly indicates that after reading into the record the state's recommendation and the movant's priors that led to the finding of the prior and persistent offender status, the court asked the following question of the movant:

THE COURT: And is that the recommendation your attorney told you the State would make if you entered this plea of guilty?

[MOVANT]: Yes, sir.

The record clearly refutes movant's contention that counsel did not explain sentencing

as a prior and persistent offender. Contention denied.

Judgment affirmed.

CRANDALL and CARL R. GAERTNER, JJ., concurs.