**Franklin G. ENDICOTT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16680.**

Missouri Court of Appeals,
Southern District,
Division One.

July 27, 1990.

Brian P. Taylor, Taylor & Taylor, Neosho, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant Franklin G. Endicott appeals from the denial, after an evidentiary hearing, of his motion under Rule 27.26, Missouri Rules of Criminal Procedure (18th ed. 1987),[1] to vacate his conviction of kidnapping and sodomy for which he was sentenced as a prior offender to consecutive 15–year and 20–year prison terms, respectively. The conviction, a result of trial by jury, was affirmed on direct appeal. *State v. Endicott,* 732 S.W.2d 239 (Mo.App.1987).

Appellant's brief presents two points; both pertain to the victim's father-in-law ("K.H.").

Appellant's evidence at the 27.26 hearing consisted of his testimony and that of his mother, Linda Jo Ott.

Ms. Ott testified she saw K.H. in the courthouse hall during appellant's jury trial. Asked what K.H. said in her presence, Ms. Ott testified:

"He said that he was pleading with [the victim] not to do this and it was wrong, that this was not the man who did this and that she needed to stop.... he kept repeating himself over and over to my husband and other people around that he was very adamant about this. This was not right, she shouldn't be doing this and that he pleaded with her to stop.

Q. Now ... did he ever mention anything specific as to why he thought it wasn't right?

A. No, he would not."

Ms. Ott testified that "at some point in time" during the jury trial, appellant's lawyer (henceforth referred to as "trial counsel") came out of the courtroom and she told him what K.H. had said. Ms. Ott quoted trial counsel as replying, "It's too late."

---

1. Rule 27.26 was repealed effective January 1, 1988. Missouri Rules of Court (19th ed. 1988), p. 142. Appellant's action continues to be governed by Rule 27.26, as his sentences were pronounced prior to January 1, 1988, and his motion to vacate such sentences was pending prior to January 1, 1988. Rule 29.15(m), Missouri Rules of Criminal Procedure (1990).

Appellant testified at the 27.26 hearing that toward the end of the trial, "right before closing arguments," he was informed by trial counsel about the statements K.H. had made in the hall. According to appellant, trial counsel said he had not talked to K.H. Appellant recounted that he asked trial counsel to talk to K.H. during the interval between the trial and the motion for new trial, but that trial counsel did not. Appellant conceded he had never talked to K.H.

At the outset of the 27.26 hearing appellant's lawyer ("motion counsel") made an oral request for a 48–hour continuance to subpoena K.H. Motion counsel stated his investigator had determined K.H.'s address and place of work, and had unsuccessfully attempted to subpoena him on four occasions during the preceding week. Motion counsel argued:

"... unless I know what [K.H.] had to say, unless I can bring [him] in here to tell you what he would have said had [trial counsel] talked to him, I can't prove that my client was prejudiced by [trial counsel's unwillingness] to talk to [K.H.] after he was told that [K.H.] had something to say. I think that a continuance of about forty-eight hours would be enough in this case, your Honor. I'm not asking for anymore time than that. I know where the man works, I know where he lives. We just haven't been able to pin him down and get him subpoenaed."

The hearing court denied the request for continuance, but added: "If the petitioner wants to go ahead and locate [K.H.] and [K.H.] ... has pertinent evidence that the Court should hear, the Court will be willing to entertain a motion to that effect properly made and ... certainly we would encourage [motion counsel] and the movant-petitioner to go ahead and try to locate [K.H.], although one might get the impression that [he] is not too interested in speaking with [motion counsel] or his investigator."

Almost three weeks elapsed between the 27.26 hearing and the entry of judgment denying relief. Nothing in the record shows that appellant, during that interval, moved to reopen the evidence to present K.H. as a witness.

In denying relief the hearing court made extensive findings of fact. Pertinent to this appeal, the findings included the following:

"[Appellant] alleges ... he was denied effective assistance of counsel in that his trial counsel ... failed to call at that trial [K.H.]. Further, [appellant] alleges that he was denied a fair trial in that if [K.H.] had been called to testify he would have testified to the effect that his daughter in law, the victim ... gave perjured testimony at trial.

[Appellant] presented evidence through his mother that she overheard [K.H.] state during the trial in the hallway outside of the courtroom that what [the victim] was doing was not right. She assumed that he meant that [the victim] was giving perjured testimony concerning her son.

[Appellant] failed to produce at said hearing the testimony of [K.H.]. [Appellant] testified that he had never spoken with [K.H.]. Further, [appellant's] counsel stated to the Court that neither [he] nor any investigator from his office had ever spoken with [K.H.]. This Court noted that [appellant] requested a continuance for the purpose of locating [K.H.]. This hearing had been previously continued at the request of [appellant] and [he] has had more than adequate time to produce this witness for this hearing. Accordingly, the Court overruled said motion for continuance.

Further, [appellant] testified that he advised [trial counsel] of the existence of [K.H.] while his trial was in progress and that [trial counsel] advised that it was too late to use that testimony.

This Court rules against [appellant] on this point. [Appellant] failed to establish that he was in any way adversely affected by the failure of [K.H.] to testify. He failed to establish that the testimony of [K.H.] would have been of benefit to him during his trial. [Appellant] even admitted on the stand that he did not know

whether the testimony of [K.H.] would hurt him or help him."

Appellant's first point is:

"The hearing [court] erred in finding that appellant did not show ineffective assistance of trial counsel, in that, trial counsel was aware of the statements made by [K.H.] in the hallway outside the courtroom in which appellant was standing trial and that trial counsel failed to contact [K.H.] either during trial or immediately thereafter to find out what [K.H.] knew relative to the victim's proffering perjured testimony, because a reasonably competent attorney under similar circumstances should have talked with [K.H.] immediately upon being advised that he was in the hallway pleading with the victim, his daughter-in-law, not to go through with her testimony and that the man on trial was not the man who committed the crimes against her."

To prevail on a claim of ineffective assistance of counsel a prisoner must show (1) his lawyer failed to exercise the customary skill and diligence that a reasonably competent lawyer would have exercised under similar circumstances, and (2) the prisoner was thereby prejudiced. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). To establish ineffective assistance of counsel for failure to contact a witness, a prisoner must prove, among other things, that the witness would have testified if called and that the witness' testimony would have provided a viable defense. *Thompson v. State,* 779 S.W.2d 666, 667[2] (Mo.App.1989); *Eddes v. State,* 776 S.W.2d 463, 464–65[2] (Mo.App.1989); *Hayes v. State,* 774 S.W.2d 886, 888[3] (Mo. App.1989); *Hogshooter v. State,* 681 S.W.2d 20, 21[2] (Mo.App.1984).

In the instant case, motion counsel[2] conceded in the hearing court—in the comment quoted earlier—that unless motion counsel could produce K.H. to testify as to what he would have said had trial counsel interviewed him, motion counsel could not prove appellant was prejudiced by trial counsel's failure to contact K.H.

K.H. was not produced as a witness in the hearing court and appellant presented no evidence that (a) K.H. would have testified at trial had he been subpoenaed, or (b) K.H.'s testimony would have aided appellant at trial.

The victim's trial testimony, as summarized in this Court's opinion in the direct appeal, was that while she was stopped in her van at a traffic light, appellant grabbed her from behind, took control of the van, and drove it to a bridge beneath which he stopped. He then committed sodomy on her. *Endicott,* 732 S.W.2d at 239–40. There is no indication that K.H. was a witness to any part of the episode or that he could have supplied any admissible testimony favorable to appellant at trial.

The hearing court, as we have seen, found that appellant failed to establish that he was adversely affected by the failure of K.H. to testify at trial, as appellant failed to demonstrate that any testimony by K.H. would have benefited appellant. Accordingly, the hearing court rejected appellant's claim of ineffective assistance of counsel.

Our review is limited to a determination of whether the findings, conclusions, and judgment of the hearing court are clearly erroneous. Rule 27.26(j); *Sanders,* 738 S.W.2d at 857. Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.*

The hearing court's findings on appellant's complaint about trial counsel's failure to contact K.H. are not clearly erroneous. On the contrary, they are fully supported by the record and are manifestly correct. Appellant's first point is denied.

His second point is:

"The hearing [court] erred in not granting appellant's oral motion for continuance made on the day of the 27.26 hearing, in that, said continuance was requested for a period of only forty-eight hours and said motion was based upon [motion] counsel's own statement that he had not located [K.H.] even knowing said

---

**2.** The lawyer representing appellant in this appeal is a different lawyer than motion counsel.

witness' place of employment and home address, because, a reasonably competent attorney under similar circumstances should have located said witness to determine the need to compel said witness' presence at appellant's 27.26 hearing."

Whether a continuance of a hearing in a Rule 27.26 proceeding should be granted is within the discretion of the hearing court, and every intendment on appeal is in favor of that court's ruling. *Wright v. State,* 738 S.W.2d 478, 481 (Mo.App.1987). A very strong showing is required to prove abuse of discretion in the denial of a motion for continuance, and the party requesting the continuance bears the burden of showing prejudice resulted from such denial. *State v. Nave,* 694 S.W.2d 729, 735[4] (Mo. banc 1985), *cert. denied,* 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 901 (1986).

 In the instant case the hearing court, as we understand its docket sheet, gave notice on August 9, 1989, that the evidentiary hearing would be held September 26, 1989. The hearing commenced as scheduled. No request for a continuance was made prior to the hearing date.

The hearing court was told by motion counsel that four attempts to subpoena K.H. during the preceding week had been unsuccessful. There was no showing that K.H. was expected to be anyplace where he could be interviewed or subpoenaed during the ensuing 48 hours.

The hearing court, while denying the request for continuance, stated it would be willing to entertain a post-hearing motion if appellant determined K.H. had pertinent evidence, and the hearing court encouraged motion counsel and appellant to continue the effort to locate K.H. As noted earlier, almost three weeks passed between the evidentiary hearing and entry of the judgment denying relief, and the record is bare of any effort by appellant to reopen the evidence to present K.H. as a witness during that period. We hold that appellant has failed to demonstrate an abuse of discretion in the hearing court's denial of the requested continuance.

Appellant's second point also complains that a reasonably competent attorney under similar circumstances should have located K.H. to determine the need to compel his presence at the 27.26 hearing. If this is meant as an allegation of ineffective assistance of motion counsel, it is not cognizable in this appeal inasmuch as a proceeding under Rule 27.26 is directed to the validity of the prisoner's conviction and sentence, and cannot be used as a conduit to challenge the effectiveness of counsel in the 27.26 proceeding. *Lingar v. State,* 766 S.W.2d 640, 641[2] (Mo. banc 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989).

Appellant's second point is denied and the judgment of the hearing court is affirmed.

MAUS, P.J., and PREWITT, J., concur.