**Stephen Dale GOODE, Appellant,**

v.

**William ARMONTROUT, Appellee.**

No. 90–1573.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1990.

Decided Feb. 4, 1991.

Howard B. Eisenberg, Carbondale, Ill., for appellant.

Stephen D. Hawke, Jefferson City, Mo., for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and ROSENBAUM,* District Judge.

BEAM, Circuit Judge.

Stephen Dale Goode appeals from the district court's denial of his petition for writ of habeas corpus. *See* 28 U.S.C. § 2254 (1988). On appeal, Goode argues only that trial counsel was constitutionally ineffective in failing to unearth and call at trial a witness whose existence has never been established and the substance of whose testimony is unknown. We affirm.

Goode was convicted, following a three-day trial in December 1985, of second-degree robbery and sentenced to prison, as a persistent offender, for thirty years. In the early morning hours of March 21, 1985, Goode called a cab from a bar in St. Louis. He told the cab driver to take him to a certain residential neighborhood, where he gave instructions to turn into a parking lot. There, Goode grabbed the driver from behind, put a knife to his throat, and demanded money. The cab driver turned over about $40 and then wrestled free from Goode's grasp. Goode fled from the cab with the money, but was promptly run down by the cab. The injured Goode was soon after arrested at his home.

At trial, Goode denied committing the robbery. He admitted being in the cab, but he said he was going to Joe Bacardi's Restaurant to visit, after hours, a friend, Tracy, who worked there as a bartender. The jury acquitted Goode of armed criminal action, but convicted him of the lesser included offense of second-degree robbery.

The Missouri Court of Appeals, considering only whether the trial court erred in failing to strike a veniremember for cause, affirmed on direct appeal. *See State v. Goode,* 721 S.W.2d 766 (Mo.Ct.App.1986). Goode then filed a Rule 27.26 post-conviction motion, alleging that his trial counsel

---

* The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota, sitting by designation.

was ineffective for a variety of reasons, including that she failed to find Tracy. Goode and trial counsel were the only witnesses at the 27.26 hearing. Goode testified that Tracy would have been "able to verify for me that he was there at that hour of the morning, that his vehicle was parked outside, that I was on my way to see him." Hearing Transcript at 11. From this, Goode concludes that Tracy's testimony would have corroborated his reasons for directing the cab to the isolated parking lot instead of to his home. Trial counsel testified that she contacted the restaurant "and tried to find the person but was unable to." *Id.* at 16. Tracy did not appear at the 27.26 hearing. At oral argument before this court, counsel indicated that Tracy's existence has never been ascertained.

On this record, the Missouri court denied relief. It found that "the case was properly and adequately investigated and prepared by [trial counsel] prior to trial," and that "trial counsel attempted to contact the bartender 'Tracy' but was unable to do so." Appellant's Addendum at 11, 12. Accordingly, the court denied relief. Only this claim of ineffective assistance was appealed, and the Missouri Court of Appeals affirmed. *See Goode v. State,* 766 S.W.2d 684 (Mo.Ct.App.1989). The court of appeals found no deficient performance, and, in any event, no prejudice, given that "the evidence of his guilt was overwhelming." *Id.* at 685 (citing *Goode,* 721 S.W.2d at 770).

Goode then filed a federal petition for writ of habeas corpus, alleging that trial counsel was ineffective because she did not interview him until three days prior to trial, thereby making it impossible for her to locate Tracy. Goode also raised two other, unrelated arguments before the district court, both of which have been abandoned on appeal. Brief for Petitioner at 5 nn. 2 & 3. The district court adopted the magistrate's report and recommendation, which found neither deficient performance by trial counsel nor prejudice.

Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Goode must show both constitutionally deficient performance and prejudice to prevail on his ineffective assistance claim. However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697, 104 S.Ct. at 2069. To demonstrate prejudice, Goode must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. Goode has not proven even the existence of Tracy, and the only indication of what Tracy might have said comes from Goode. This sort of speculation is "simply inadequate to 'undermine confidence in the outcome.'" *Sanders v. Trickey,* 875 F.2d 205, 210 (8th Cir.) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068), *cert. denied,* —— U.S. ——, 110 S.Ct. 252, 107 L.Ed.2d 201 (1989). Because Goode cannot show prejudice, we need not consider the adequacy of counsel's performance.

The judgment of the district court is affirmed.