**STATE of Missouri, Respondent,**

v.

**Bobby L. TUBBS, Appellant.**

**Bobby L. TUBBS, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 16415, 16973.

Missouri Court of Appeals,
Southern District,
Division One.

March 11, 1991.

Motion for Rehearing and/or Transfer
Denied March 29, 1991.

Application to Transfer Denied
May 3, 1991.

Mary K. Anderson, Columbia, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant Bobby L. Tubbs, tried as a persistent offender, § 558.016.3, RSMo 1986, was found guilty by a jury of the class C felony of stealing, § 570.030, RSMo 1986. The trial court sentenced appellant to 12 years' imprisonment. Appellant brings appeal 16415 from that judgment and sentence.

Appellant thereafter commenced an action under Rule 29.15[1] to vacate the conviction. The circuit court conducted an evidentiary hearing, made meticulous findings of fact and conclusions of law, and entered judgment denying relief. Appellant brings appeal 16973 from that judgment.

The appeals have been consolidated, Rule 29.15(*l*), but are addressed separately in this opinion.

### Appeal 16415

■ Appellant presents one point relied on; it avers the trial court erred in (1) reading to the venire at the outset of the trial the portion of MAI–CR 3d 300.02 pertaining to reasonable doubt, and (2) giving the jury Instruction 4—accurately copied from MAI–CR 3d 302.04—at the conclusion of the evidence. Appellant maintains the instructions violated his right to due process guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, § 10 of the Constitution of Missouri (1945). Appellant asserts the instructions equate proof beyond a reasonable doubt with the lesser, civil standard of "clear and convincing" evidence and thereby dilute the State's burden of proof in criminal cases.

Appellant acknowledges the Supreme Court of Missouri has held otherwise. *State v. Murray,* 744 S.W.2d 762, 771[13] (Mo. banc 1988), *cert. denied,* 488 U.S. 871, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988); *State v. Antwine,* 743 S.W.2d 51, 62–63[12] (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). Appellant explains he "presents this point to provide the possibility for later Federal review."

■ This Court is constitutionally controlled by decisions of the Supreme Court of Missouri. Mo. Const. Art. V, § 2 (1945); *State v. Jones,* 703 S.W.2d 41, 42[1] (Mo. App.1985). Appellant's point is governed by *Murray* and *Antwine.* The point is denied and the judgment is affirmed.

1. Rule references are to Missouri Rules of Criminal Procedure (20th ed. 1989).

### Appeal 16973

Appellant presents one point relied on; it alleges he was denied his right to effective assistance of counsel at the jury trial, and the motion court erred in ruling otherwise. Specifically, says appellant, his lawyer ("defense counsel") failed to investigate and call as a witness Johnny Ricks. Appellant pleads (a) he asked defense counsel to call Ricks, (b) Ricks was willing and available to testify, and (c) Ricks would have testified appellant purchased the items appellant was accused of stealing.

Appellant's conviction was based on his possession of items stolen several hours earlier. At trial, appellant testified he bought the items from a man at "Paul's ... a little spot where people hang out." Appellant further testified the same man tried to sell the items to Ricks, a friend of appellant.

Ricks did not testify at appellant's trial.

At the motion court hearing, appellant testified that prior to trial he told defense counsel Ricks was with him the night the theft allegedly occurred and Ricks "was one of the persons that loaned me the money that I used to buy the items that I was in possession that I was charged with stealing." Appellant added he told defense counsel where Ricks resided. Appellant's testimony continued:

"Q. Did [defense counsel] ever tell you anything about whose responsibility it was to get your witnesses?

A. Yes. He informed me that, by me being on bond, I had to go out myself and find these people and bring them up to him. But I explained to him that I had talked to these people, but I had no control over making these people come up here.

Q. Okay. Did you request that [defense counsel] issue a subpoena for Mr. Ricks?

A. Yes, I did.

Q. Do you know if he did that?

A. I—I think he did.... A couple of days before the trial."

Defense counsel, called as a witness by appellant in the motion court, conceded appellant asked him to contact Ricks. Counsel's testimony:

"Q. ... Were you able to contact Mr. Ricks?

A. I told Bobby to bring him up there to the office.... And I figured that if I was going to get anything out of Ricks, he would need to bring him up there and be with him. And I did tell him to bring him.... I didn't go looking for him.... Bobby was working, and I'd meet with Bobby about every afternoon in this case for about a week or so.... Every afternoon he was going to bring Mr. Ricks, but he never did. So I finally concluded he wasn't going to bring him.

Q. Okay. And but you—

A. And, so, I subpoenaed him.

....

Q. Do you remember how long before trial the subpoena was issued?

A. I don't know....

Q. Okay. Could it have ... been a matter of a few days before trial?

A. I expect.

....

Q. And so you subpoenaed him, but he did not appear for the trial?

A. They couldn't find him.

....

Q. Okay. When you asked for the subpoena for Mr. Ricks to be issued, did you check your files within your office to see if you had a current or at least the last known address in any file that you may have had on Mr. Ricks?

A. The ... officers were able to know where Mr. Ricks could be found, but he wasn't there.

....

Q. And you were aware that they knew who Johnny Ricks was?

A. They went to his house. I know that for a fact.

Q. And they just couldn't locate him where he normally lived.

A. He wasn't there. In fact, my secretary took a call ... from somebody down there, said they don't know where he was at; he had gone out of town or something."

Ricks did not testify in the motion court.

The motion court's findings included these:

"Movant never brought Ricks to see the attorney although he repeatedly said that he would do so. Under the circumstances there was no obligation on the part of the trial attorney to go and interview Ricks, a friend of movant. The attorney had a subpoena issued for Ricks, who could not be found. He did not appear at the motion hearing and there is no persuasive evidence as to what his testimony would have been, that he was a credible person, and that his testimony would have helped the defense."

The motion court held defense counsel exercised the customary skill and diligence that a reasonably competent lawyer would have exercised under the circumstances, and that appellant had failed to carry his burden of proof on his claim of ineffective assistance.

▮ Our review of the motion court's judgment is limited to a determination of whether its findings and conclusions are clearly erroneous. Rule 29.15(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

▮ Counsel has a duty to contact potential witnesses named by his client who might aid in the latter's defense. *Childress v. State*, 778 S.W.2d 3, 6[9] (Mo.App. 1989); *Poole v. State*, 671 S.W.2d 787, 788[1] (Mo.App.1983). To establish ineffective assistance of counsel for failure to interview a potential witness, a prisoner must prove the witness could have been located through reasonable investigation, the witness would have testified if called, and the testimony would have provided a viable defense. *Hayes v. State*, 774 S.W.2d 886, 888[3] (Mo.App.1989); *Kennedy v. State*, 771 S.W.2d 852, 857–58[10] (Mo.App. 1989).

▮ Whether it is reasonable for counsel not to interview a potential witness must be determined from the specific circumstances of each case. *Goode v. State*,
766 S.W.2d 684, 685[2] (Mo.App.1989); *Bohlen v. State*, 743 S.W.2d 425, 428[8] (Mo.App.1987). Failure of counsel to interview a potential witness who cannot be located is not ineffective assistance. *Abercrombie v. State*, 759 S.W.2d 95, 97[2] (Mo. App.1988).

▮ In the instant case defense counsel testified appellant was going to bring Ricks to counsel's office but never did. The motion court believed this testimony. That was the motion court's prerogative. In a proceeding for postconviction relief, credibility of witnesses is for the motion court's determination. *Milligan v. State*, 772 S.W.2d 736, 738[1] (Mo.App.1989); *Evans v. State*, 759 S.W.2d 858, 859[2] (Mo. App.1988). The motion court was not obliged to believe appellant's testimony that he told defense counsel he could not induce Ricks to come to counsel's office. *Cornman v. State*, 779 S.W.2d 17, 19[1] (Mo.App.1989); *Bevly v. State*, 778 S.W.2d 297, 298[2] (Mo.App.1989).

When it became evident Ricks was not going to appear at defense counsel's office, counsel had a subpoena issued for Ricks. Counsel testified the process servers knew Ricks' residence and went there, but Ricks was gone and could not be found. The motion court believed that testimony.

Appellant seems to imply it was defense counsel's duty to go on a personal manhunt for Ricks. Appellant cites no authority supporting that proposition and we are aware of none.

The motion court found defense counsel's failure to contact Ricks and present him as a witness at trial did not, in the circumstances shown, constitute ineffective assistance of counsel. That finding is not clearly erroneous. Indeed, it is patently correct.

Furthermore, the only evidence as to what Ricks' testimony would have been was appellant's testimony in the motion court. The motion court was not required to believe—and did not believe—appellant's testimony on that subject. Consequently, appellant failed to establish Ricks' testimony would have aided appellant's defense.

That was fatal to appellant's claim of ineffective assistance. *Hayes,* 774 S.W.2d at 888[3]; *Kennedy,* 771 S.W.2d at 857–58[10].

The point is denied and the judgment is affirmed.

MAUS, P.J., and PREWITT, J., concur.